JOSEPH POWELL, Respondent, v. THE HANNIBAL AND ST. JOSEPH RAILROAD CO., Appellant.

1. *Railroads—Damages.*—In an action against a railroad company for animals killed on the track, if the accident occur on a portion of the road not enclosed by a lawful fence, and not at the crossing of a public highway, actual negligence need not be shown. (R. C. 1855, p. 649, § 5.)

2. *Evidence—Examination of Witness.*—The order in which questions may be put to a witness so as to elicit his knowledge of the matters in dispute, rests in the discretion of the court. Proper practice in such cases.

### Appeal from Livingston Circuit Court.

*Carr,* for appellant.

*Ryland & Son,* for respondent.

DRYDEN, Judge, delivered the opinion of the court.

Powell, the plaintiff below, sued the railroad company before a justice of the peace in Livingston county, for the value of a mule of the plaintiff killed on the defendant's railroad. The complaint filed with the justice alleged the killing to have occurred in Livingston county, in May, 1863, on a part of the road not enclosed by a lawful fence, and not at the crossing of a public highway, and asked judgment for the value of the mule laid at $125. The plaintiff having recovered judgment before the justice, the defendant appealed to the Circuit Court, where, on a trial *de novo,* the plaintiff again recovered, and the defendant has brought the case here by appeal.

The appellant has pressed upon our consideration several grounds for the reversal of the judgment of the Circuit Court, which we will notice in the order in which they are presented.

1. A witness who was introduced to show the absence of a cattle-guard, and then to prove the railroad at the place where the mule was killed was not enclosed by a lawful fence, having answered that he was ignorant of what a cattle-guard was, the respondent was permitted to describe a cattle-guard, and then to ask the witness if the thing described existed at the place, and this the appellant claims was error.

The question which the witness was unable to answer was only introductory and did not bear upon the main issue in the case. The ultimate fact sought to be proved was the existence or nonexistence of a cattle-guard at a given place. The inability of the witness to answer the preliminary ques-

tion was by no means inconsistent with his intimate knowledge of the ultimate fact to be proven. Now, assuming that the witness possessed the knowledge supposed, shall the plaintiff be deprived of it merely because of the ignorance of the witness of the preliminary matter ?   One would think not. And yet this is just what the appellant's position practically leads to, for it is scarcely conceivable how the mind of the witness could have been brought to the point and his knowledge of the disputed fact elicited by any other mode of examination than the one employed and which is now complained of.

2. In the progress of the trial, the respondent asked a witness (Moore) the following question, viz: " What was the value of this mule at the time it was killed ?" to which the appellant's counsel objected, and stated as the ground of his objection "that the question was not proper to be asked until he first testified that he knew the market value of mules at the time of crippling the mule in question." That the market value of the property at the time and place of the injury as a general rule furnishes the measure of recovery, in cases like this, hardly admits of question ; but what mode of examination of the witnesses the court shall adopt to ascertain that value, is another and different question.   The point of the appellant's objection is that before a witness can speak on the point of value, he must first be examined as to the extent and sources of his knowledge.

The course of examination insisted upon, would generally be very proper and convenient, and would often economize the time of the court and facilitate the dispatch of business, but I am not aware of any rule of law making such course imperative.   The question is a question of practice resting in the sound discretion of the court, and its decision in favor of the one or the other line of examination is no ground of reversal.   (1 Greenl. Ev., § 421.)

3. It is objected that there was no evidence showing that the injury complained of was committed within the territorial jurisdiction of the justice before whom the suit origina-

ted, and that therefore the action could not be maintained without discussing the question whether the evidence in any case could be material on the trial of the *merits;* it is enough to say, that in this case the jurisdictional facts were distinctly alleged in the complaint filed with the justice, and it nowhere appears in the record that these facts were put in issue. The attention of the court was in nowise called to the subject on the trial, and certainly a point so utterly barren of merit ought not to receive the favorable regard of the court after verdict.

4. There is nothing in the fourth point made by the appellant, viz: "that the respondent is not entitled to recover unless he has shown that the appellant was guilty of negligence"—that is, *actual* negligence. The issues involved in the case were passed upon by the jury after a consideration of the evidence, and there being evidence before them upon which they could find as they did, we have no right to review their finding. Furthermore, the objection assumes what is not true, that the issues involve the actual negligence of the railroad company or its agents. The record presented no such issue. The complaint was framed under the damage act, and expressly based the plaintiff's right of recovery on the ground that the injury was committed on a part of the road not enclosed, and not at the crossing of a public highway.

There is no error in the record. Let the judgment be affirmed ; Judge Bay concurring.