STATE OF MISSOURI, Respondent, v. HANNAH THORNTON, Appellant.

*Estoppel—Judgment—Evidence.*—A conviction for an offence, also punishable by the laws of the State, by virtue of the ordinances of a municipal corporation authorized by its charter to punish similar offences, is a bar to a subsequent prosecution by the State. Where the record of the conviction under the ordinances of such corporation does not show conclusively the identical offence of which the party was convicted, parol evidence is admissible to show the identity of the offence.

*Appeal from Buchanan Circuit Court.*

WAGNER, Judge, delivered the opinion of the court.

At the September term, 1865, of the Buchanan Circuit Court the appellant was indicted for keeping a bawdy-house. The defence relied upon, to the charge contained in the indictment, was previous conviction for the same offence, obtained against the appellant in the recorder's court of the city of St. Joseph.

The judgments of conviction were offered in evidence, and also the charter of the city, giving the corporation power to punish for misdemeanors of this description, and an ordinance passed in pursuance thereof.

The appellant introduced as a witness J. B. Hawly, the recorder of the city of St. Joseph, and offered to prove by him that the testimony upon which she was convicted and fined in the recorder's court was the same introduced on the part of the State in this cause, and that the witnesses who testified for the prosecution in the Circuit Court were

the same who had given testimony against her before the recorder. This evidence was objected to on the part of the State, and rejected by the court.

Two questions arise—the action of the court in excluding the evidence of Hawly, and the refusal to instruct the jury that the conviction and judgment in the recorder's court constituted a bar.

As the indictment here charges the offence to have been committed on several and distinct occasions, and the record of the recorder's court could not show conclusively the identical offence for which she was convicted, oral testimony was perfectly competent to show that they were one and the same.

The remaining point is so well settled in this State that it would be idle to discuss it. No doubt is entertained about the power of the Legislature to create municipal corporations, and invest them with authority to pass ordinances for police regulations, and to punish persons for their violation. And where a properly constituted court, acting under the authority of an ordinance of a municipal corporation, punishes a person for violation of that ordinance, he cannot be again punished for the same offence, under the general laws of the State. (State v. Simonds, 4 Mo. 414; State v. Cowen, 29 Mo. 330.)

The judgment is reversed and the cause remanded.

Judge Holmes concurs; Judge Lovelace absent.