STATE OF MISSOURI, Respondent, *v.* LOUISA DAUBERT, Appellant.

1. *Criminal Law—Conspiracy—Evidence—Acts and Declaration of Co-conspirators.*— Wherever persons league themselves together for the perpetration of crime, when once the conspiracy or combination is established, the acts or declarations of one conspirator in the prosecution of the enterprise are considered the act of all, and are evidence against all. And the rule is not limited to cases of conspiracy, but is a general one, applicable in a variety of cases, in all the departments of law, civil and criminal. But the conspiracy or combination must be shown before the confession or other acts and declarations of one defendant can be received against another; and it is for the court to determine when the evidence of combination is sufficient for this purpose.

2. *Criminal Law — Conspiracy — Evidence — Order of introduction of testimony.*— Other distinct proofs of guilt may be introduced in the first instance, the prosecutor undertaking to afterward lay the proper foundation therefor and bring the combination or conspiracy home to the defendant. But this latitude of admitting the evidence out of the regular order should be allowed with great circumspection and caution.

*Appeal from St. Louis Criminal Court*

*Hudgins, Woerner & Kehr*, for appellant.

*C. P. Johnson*, Circuit Attorney, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was jointly indicted with one Johanna Williken, for the crime of larceny, in taking certain articles of merchandise from the store of one Charles H. Moeller, in the city of St. Louis. Upon the trial, the defendant demanded a severance, and elected to be tried separately. She was convicted of petit larceny, and the jury assessed her punishment at a fine of fifty dollars and three months' imprisonment in the county jail. The errors complained of, and on which reliance is placed for the reversal of the judgment, are the admission of illegal evidence against the objection of the prisoner, and the misdirection of the jury.

The facts are few and simple, and are mainly these: The defendant and Mrs. Williken went to the store of the prosecutor, ostensibly for the purpose of purchasing goods. While examining various articles, the suspicions of the prosecutor became aroused concerning certain movements of Mrs. Williken. The defendant

bought whatever goods she wanted; had the bill made out; received and paid for them. Both women were then detained by those in charge of the store, and an attempt was made to search them. Mrs. Williken permitted the search to be made; the defendant resisted. Upon the person of Mrs. Williken several articles were found, alleged to have been stolen, and she finally admitted the fact, and promised not to steal any more, if they would let her go. A policeman was then called, who arrested the women and took them to the police station. The defendant was then searched, but nothing was found on her person, or in her possession, except the articles she had purchased and paid for. Some articles, claimed to have been stolen from the prosecutor, the next morning were found in an alley, but there is no evidence in anywise tending to prove that the defendant was ever out of the store previous to her being arrested and taken to the police station, or that she was in a situation to have any connection with their being placed there. Other evidence was introduced against the objections of the defendant, showing that the two women had visited other stores together; but there was nothing to show any common design between them, or that they had committed any improprieties. The counsel for the prisoner objected to all the evidence relating to the acts, declarations, and admissions of Mrs. Williken, but the court overruled the objection and permitted the testimony to go to the jury.

If the testimony was illegally admitted, the verdict cannot be allowed to stand; for, outside of the acts and confessions of Mrs. Williken, there is no evidence on which to base a conviction against the accused. For aught that appears, she demeaned herself as any honest person would have done in the transaction of her business, making her purchases and paying for them. Nor were any suspicious circumstances thrown around her conduct, or the fruits of guilt found in her possession. The conviction can only be supported by establishing some combination, complicity, or privity between the parties, for the purpose of carrying out some common design. Wherever persons league themselves together for the perpetration of crime, when once the conspiracy or combination is established, the acts or declarations of one con-

spirator in the prosecution of the enterprise are considered the act of all, and are evidence against all. (State v. Ross, 29 Mo. 32.) Each is deemed to assent to or commend what is done by any other in furtherance of the common object. (1 Greenl. Ev. § 233.) "The principle," says Greenleaf, "on which the acts and declarations of other conspirators, and acts done at different times, are admissible in evidence against the person prosecuted, is, that by the act of conspiring together the conspirators have jointly assumed to themselves, as a body, the attribute of individuality, so far as regards the prosecution of the common design, thus rendering whatever is done or said by any one, in furtherance of that design, a part of the *res gestæ*, and therefore the act of all." (3 Greenl. Ev. § 94.)

But this evidence is not limited to cases of conspiracy. It is a general rule, applicable in a variety of cases, in all the departments of the law, civil and criminal.

The confessions of one defendant cannot, in the first instance, establish the conspiracy against another defendant; for the conspiracy must be shown before the confession of one can be received against another. It is so, also, of other acts and declarations. But when the combination is shown, then the evidence of what is said and done by one is admissible against the rest. And it is for the court to determine when the evidence of combination is sufficient for this purpose. (2 Bish. Crim. Pro. § 190, and cases cited.)

The order in which the evidence should be admitted is in a large manner to be determined by the discretion of the judge. And other distinct proofs of guilt may be introduced in the first instance, the prosecutor undertaking to afterward lay the proper foundation and bring the combination or conspiracy home to the defendant. But this latitude of admitting the evidence out of the regular order should be allowed with great circumspection and caution.

In the case at bar there was hardly a scintilla of evidence showing any understanding or combination between the defendant and Mrs. Williken to commit the crime alleged in the indictment, or that they went to the prosecutor's store in furtherance of a common object. The evidence, therefore, of the acts and declara-

tions of Mrs. W. were wholly illegal, as against the defendant,. and should have been excluded. Strike out this evidence, and.. there is nothing left to support and uphold the verdict, and the court should have so declared.

The judgment will be reversed and the case remanded. The other judges concur.