The St. Louis, Kansas City & Colorado Railway Company, Appellant, v. F. A. North, Respondent.

31a 345
31a 353
31a 355

### St. Louis Court of Appeals, May 29, 1888.

1. Practice—Condemnation Proceedings—Opening and Closing. In a trial before a jury, in a proceeding under the statute for the condemnation of land for railroad purposes, there is no error in permitting the defendant land-owner to assume the burden of proof and to open and close the case.

2. Damages, Remote.—In considering the question of damages to an owner for the occupancy of his land by a railroad track, an estimate of increased danger from fire is too remote, and not proper to be submitted to the jury.

3. Damages—Removal of Farm Crossing.—It is not a legitimate element of damages in a condemnation proceeding, that the railroad company may at some time remove or abolish a farm-crossing already established; and an instruction permitting the consideration of such an element is error.

4. Evidence—Proof of Corporate Existence.—The defendant is not required to prove the corporate existence of the plaintiff, when the plaintiff has not put that fact in issue by affidavit, in accordance with the act of 1883.

Appeal from the Franklin Circuit Court, Hon. Rudolph Hirzel, Judge.

*Reversed and remanded.*

John C. Orrick, for the appellant: The burden was on the plaintiff, the St. Louis, Kansas City & Colorado Railroad Company, and it had the right to open and close the case. The ruling of the court below in this regard was error. Const. of Mo., art. 2, sec. 21; Rev. Stat., sec. 896; *Railroad v. Ridge,* 57 Mo. 599; *Almeroth v. Railroad,* 13 Mo. App. 91; *McReynolds v. Railroad,* 106 Ill. 157; *Neff v. Cincinnati,* 32 Ohio St. 215; *Ins. Co. v. Penna,* 16 Ohio, 324; *Geach v. Ingall,* 14 M. & W. 95; *Ashby v. Bates,* 15 M. & W. 589; *Huntington v. Carkey,* 33 Barb. 218; *Young v. Highland,* 9 Gratt. 16; *City v. Frank,* 9 Mo. App. 579;

Wharton on Evidence, sec. 357; 1 Archibold's Prac., 385. The court erred in its instruction numbered two, given at the instance of the defendant, wherein it told the jury that it might consider the ordinary danger of injury by fire created by the construction and operation of plaintiff's road so far as they might believe such damage lessened the value of the land. Such damages, if any, are too remote and should not have been submitted to the jury. *Proprietors v. Railroad*, 10 Cush. 385; *Turnpike Co. v. Railroad*, 11 N. J. Law, 314; *Rodemacher v. Railroad*, 41 Iowa, 297; *Railroad v. Lazarus*, 28 Penn. 203. The court erred in giving the instruction numbered three for the defendant, wherein it instructed the jury that in estimating the defendant's damages they should consider defendant's right to go upon said strip of land comprising plaintiff's right of way at any other place than such farm-crossings as completely cut off by the condemnation of said strip. It appears from the evidence that a farm-crossing had been established for defendant, under a high trestle, which was satisfactory to defendant, but it was claimed that, inasmuch as plaintiff could change the crossing and close it up, the contingency of the exercise of this power was an element of damages to be considered by the jury. In the first place we insist that the instruction is not the law. The plaintiff has no power to establish farm-crossings and then remove or close them and establish them at improper or inconvenient places. Mills on Em. Dom. [2 Ed.] sec. 213. Again, if such power existed, the possible exercise of it at some future time from which damage might accrue to the defendant is too remote to constitute in this case an element of damage. The court erred in overruling plaintiff's objection to the following question propounded to witnesses: "Did you take into consideration the fact that railroads, when constructed and put into operation in the ordinary course for the transportation of cars by steam, make an increased danger of fire?" This evidence was incompetent and

immaterial. An increased danger of fire is not an element of damage proper for the consideration of the jury.

Crews & Booth and Martin, for the respondent.

Peers, J., delivered the opinion of the court.

This is an action under the statute seeking to condemn certain lands in Franklin county, the property of defendant, for the use of plaintiff as its right of way. The petition was filed on May 24, 1886, in the Franklin county circuit court, and is in the usual form, concluding with the prayer for the appointment of three disinterested freeholders, residents of Franklin county, to ascertain and assess the damages. On June 5, 1886, the court by proper entry of record made an order appointing the commissioners, as asked by the petition. Their report was filed on the fourteenth of the same month, by which they allowed defendant $275.22 as his damages.

On the twenty-eighth day of June, 1886, defendant filed his exceptions to said report, which were sustained, and the report of the commissioners set aside, whereupon the court ordered the question of compensation to be tried by a jury.

The defendant assumed the burden by leave of court and went forward with the introduction of evidence as to his damages, and proceeded to open and close the case to the jury. To this the plaintiff objected and assigned the same as error.

The defendant introduced evidence showing the location of the line through his land, the distance and width of said line, and the further fact that the plaintiff had actually entered upon and occupied the land, and constructed and put in operation its road over and across the same. The defendant also introduced a number of witnesses to show that he had sustained damages in the sum of eight hundred dollars; and also offered

evidence tending to show that, by the erection and maintenance of said railroad, that part of his land not taken for right of way was subject to increased danger of injury and damage by fire.

To the admission of this evidence plaintiff objected, and assigns the same as error.

The plaintiff introduced the evidence of three witnesses whose testimony tended to show that the damage to defendant was from two hundred and sixty-five to three hundred dollars. On cross-examination these witnesses were asked: "Did you take into consideration the fact that railroads, when constructed and put in operation in the ordinary course for the transportation of cars by steam, make an increased danger of fire?" This was objected to by the plaintiff, and the objection overruled by the court, which ruling is also assigned as error.

Quite a number of instructions were given for the defendant, but we need not incorporate them in this opinion. The first, second, and third were objected to.

On behalf of plaintiff, the following instructions were refused :

"The court instructs the jury that, in estimating the damages done to the land of the defendant, they cannot take into consideration the fact that stock might be killed at some time in the future by reason of the road, or that fire might occur, or any other speculative damages."

"The court declares, as matter of law, it was the duty of defendant North, having, at his own request, and over the objections of plaintiff, taken the burden of proof upon himself by going forward in the trial of the cause to prove every fact showing jurisdiction and the corporate existence of plaintiff, and having failed to show such facts, the plaintiff cannot recover."

"The jury are further instructed that they are not to consider or estimate any damage to North's property by reason of the possible or probable injury to, or destruction of, any property, stock, grain-houses, barns,

crops, or grasses by means of fire escaping from, or communicating directly or indirectly by, any locomotive engine in use upon said road, and all evidence of any probable damage that may hereafter result from fire escaping from plaintiff's locomotive engines is not to be considered by the jury in estimating the damages to which the defendant may be entitled."

"The court withdraws from the consideration of the jury any and all evidence of any damage that may hereafter result to the defendant's land by reason of any fire escaping from any of the company's locomotive engines."

The jury returned a verdict for defendant North, fixing his damages at $502.32, upon which judgment was rendered.

After unsuccessful motions in arrest of judgment and for new trial plaintiff brings the case here by appeal.

We will take up and dispose of the questions in this case as they appear.

## I.

Did the court err in permitting the defendant to assume the burden of proof and to open and close the case?

It is well settled in this state that the order in which evidence may be introduced is discretionary in the trial court and unless there is a flagrant abuse of that discretion that is no ground for a reversal of the judgment. *Davis v. Railroad*, 13 Mo. App. 449; *Morey v. Staley*, 54 Mo. 419; *Russell v. Berkstresser*, 77 Mo. 417; *Powell v. Railroad*, 35 Mo. 457; *State v. Daubert*, 42 Mo. 239. There was no abuse of this discretion in this case. The question as to which party ought to have been allowed to open and conclude before the jury becomes unimportant, but it may be observed that the party on whom the burden of proof lies in the first instance ought to be allowed to open and close before the jury. *Porter v. Jones*, 52 Mo. 399. As the defendant

assumed the "laboring oar" by direction of the court, we see no error in permitting him to open and close the case. The burden of proof is upon the party who substantially holds the affirmative of the issue to be tried, and carries with it the right to open and close. On determining who holds the affirmative of the issue, regard is had to the substance and effect of the issue, not to its form. 1 Greenl. Evid., sec. 74; *Mercer v. Wall*, 5 Q. B. 447; *Elder v. Oliver*, 30 Mo. App. 575.

## II.

The trial court permitted the defendant, in the cross-examination of one of plaintiff's witnesses, to ask the question whether he took into consideration the increased danger of fire to the defendant's premises in fixing the amount of damages. This we think was improper, as such damages, if any, are too remote and should not be submitted to the jury. *St. L., K. C. & Col. Railroad v. North*, *post*, p. 351.

## III.

The court erred in giving the third instruction asked by defendant. It appears from the evidence that a farm-crossing had been established for defendant *under a high trestle*, and it was claimed that inasmuch as plaintiff could change the crossing and close it up, the contingency of the exercise of this power was an element of damages to be considered by the jury. We do not think this is the law. The plaintiff has no power to establish farm-crossings and remove or close them at pleasure and establish others at improper or inconvenient places. Mills Eminent Domain, sec. 213. The statute of this state ( Rev. Stat. sec., 809 ), as amended by the act of 1885 ( Acts 1885, p. 88 ), requires railroad companies whose road runs through the lands of another to erect and maintain all necessary farm-crossings of their roads for

the use of the proprietors or owners of the lands adjoining such roads, and if the company does not do so, then the land-owner may, at the expense of the company, recover not only the expense of making such crossings, but ten per cent. interest thereon, costs and attorney's fees. This being true, the railroad company could not close up this crossing, and if it did so, it would be an actionable injury to be redressed when it occurred, and hence not the subject of an award of damages in this proceeding.

## IV.

It is not necessary to add that the trial court committed no error in not requiring the defendant to show the "corporate existence" of the plaintiff, as no such fact was put in issue by the pleadings. If the plaintiff desires to raise this question it must be done by affidavit filed with the pleadings under the act of 1883.

On account of the errors above referred to, the judgment in this case will be reversed and the cause remanded. All concur.