**STATE of Missouri, Respondent,**

**v.**

**Earl HURST, Appellant.**

**No. 44517.**

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

No attorney noted for appellant and no brief filed.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for respondent.

DALTON, Presiding Judge.

This is an appeal from an order and judgment of the Circuit Court of Jackson County denying an application to vacate a prior judgment of conviction. The appellant is a prisoner in custody of the Warden of the Missouri State Penitentiary under a life sentence for murder in the second degree under the Habitual Criminal Act, Section 556.280 RSMo 1949, V.A.M.S.

This is the second appeal involving the original judgment of conviction and sen-

tence which was entered on March 17, 1943. The first appeal was heard and determined in Division Number Two of this court on March 6, 1944, in an opinion reported in State v. Hurst, Mo.Sup., 178 S.W.2d 437. Reference is had to that opinion for a statement of the evidence concerning the murder in question and the prior convictions of defendant. Defendant was twice tried and convicted under the indictment in the case charging defendant with murder in the first degree under the Habitual Criminal Act. In the first trial defendant was found guilty of murder in the first degree under the Habitual Criminal Act and sentenced to life imprisonment in the penitentiary, but the trial court granted a new trial and a second trial resulted in a conviction of murder in the second degree under the Habitual Criminal Act and a sentence of life imprisonment in the penitentiary. An appeal was duly taken to this court, as stated, and the judgment was affirmed.

 The present proceeding purports to be under and pursuant to 42 V.A.M.S. Supreme Court Rule 27.26. The court heard evidence on the motion and overruled it. The order overruling the motion is a final judgment from which an appeal lies. Notice of appeal was given as provided in Supreme Court Rule 28.03. Appellant filed no motion for a new trial in the court below and has filed no brief, assignment of errors or suggestions in this court. Respondent interposed no objections and this court permitted appellant to appear personally in his own behalf. Accordingly, we shall review the record de novo as directed by Supreme Court Rule 28.05. And see Supreme Court Rule 28.02.

Appellant's motion, which is entitled "Defendant's motion to vacate judgment, to set aside conviction and strike the indictment from the record and petition for a writ of Habeas Corpus Ad Testificandum Et Prosequendum", was filed in the Circuit Court on January 20, 1954. It was accompanied by various exhibits, including a certified copy of the indictment charging appellant with murder in the first degree under the Habitual Criminal Act, a certi-

fied copy of the judgment of conviction, and affidavit of a witness that testified in the trial of the cause and a statement of facts and a trial brief.

Upon the filing of the above motion the trial court made a preliminary examination thereof and caused the prosecuting attorney of the county to be notified and, thereafter, appointed an attorney, Mr. Richard B. Kirwan, to represent the defendant-movant. A hearing was had and the court determined the issues and made findings of fact and conclusions of law and, on June 15, 1954, entered the judgment finding that defendant was entitled to no relief and denying the motion.

The motion to vacate the judgment in question contained numerous general assignments, but since the evidence in support of the motion was directed to a single specific assignment and no evidence was offered in support of the other general assignments, we need direct our attention only to that assignment. The assignment charged that the original indictment, upon which defendant was tried and convicted, was not based or returned by reason of any direct or substantial evidence presented to or considered by the grand jury that returned the indictment.

It was further alleged that the members of said grand jury had no reasonable, proper or prima facie evidence before them at any time warranting the return of an indictment against the defendant on the aforesaid charge and that the indictment, which was returned against defendant by said grand jury, was based "solely upon a request made by John V. Hill, chief assistant prosecuting attorney of Jackson County, Missouri"; that such request was wholly insufficient as a matter of law to sustain said indictment; that by reason thereof the indictment was void and insufficient to warrant a trial and conviction of defendant thereunder or to sustain the judgment and sentence entered against defendant; and that defendant had no knowledge of said facts or that the indictment was invalid and void until recently and after years of investigation.

It was further alleged that the evidence in the record as presented at the trial provided "no factual basis for the jury to convict, and the conviction in this case is based upon prejudice, mere suspicion and conjecture." This last assignment, however, was specifically and finally determined adversely to defendant's contention when the cause was presented.

Defendant's motion to vacate the judgment and all exhibits attached thereto were offered and received in evidence together with a copy of the records and transcript of the evidence in the case when defendant was tried and convicted. Additional evidence heard on the motion included the following:

J. Donald Murphy, first assistant prosecuting attorney of Jackson County, testified that, after a diligent and thorough search at the request of the circuit judge, he had been unable to locate the notes of the grand jury that returned the indictment in question against defendant on February 12, 1942; and that there was no statutory provision with reference to grand jury notes except that any notes kept by the secretary to the grand jury should be given into the custody of the prosecuting attorney.

Shannon C. Douglass testified that he was a member of the grand jury that returned the said indictment against the defendant; that there was testimony adduced before the grand jury pertaining to the charge of murder against the defendant; that no indictment was ever returned without the credible testimony of witnesses; that Ira Johnson, Harry Turner and one Wagaman, witnesses endorsed on the indictment, appeared before the grand jury, but he could not recall their testimony; that one Frank Finucane was secretary of the grand jury and kept the notes; that such notes were later taken into the circuit court in some proceeding before Judge Emory Wright; and that he had searched his own files and found no records or notations as to the testimony heard by the grand jury.

Robert J. Sanders testified that in the fall of 1952 he had been appointed by the Circuit Court of Jackson County to represent defendant in a prior application to vacate the judgment in question; that the proceeding was essentially an application for a writ of error coram nobis; that he corresponded with defendant at some length and interviewed him; that he was unable to ascertain exactly what the facts were with reference to matters which were only mentioned generally in the application; that he twice read the prior transcript and discussed matters with defendant; and that defendant's position was that, although he was the immediate and efficient cause of this man's death he was not criminally responsible therefor, because the deceased was incited and caused and procured by others to make an attack upon defendant and defendant killed him in self-defense. With the consent of defendant, witness had the court enter a dismissal without prejudice.

Sam Modica, an assistant prosecuting attorney of Jackson County, stated to the court that defendant had requested the subpoena of certain witnesses whose testimony appeared in the transcripts of the prior trials of the cause and certain witnesses who had not testified. Defendant's counsel thereupon informed the court that defendant had submitted certain names to be subpoenaed, but that he could not tell the court what their testimony would be as there was no statement of any newly discovered evidence, and no statement as to what could be proven by any witness. He asked further time to confer with the listed witnesses and particularly to see a Mr. Finucane. Thereupon the hearing was continued for two weeks to permit counsel to make further investigation.

Thereafter, defendant offered as a witness Frank C. Finucane, who had been a member of the grand jury that returned the indictment in question against defendant. The witness remembered "a case being presented to the grand jury of the State of Missouri against Earl Hurst, who was charged with murder"; and testified: "We

never indicted anyone unless we had witnesses." Mr. John Hill, who is now dead, had handled "the run of cases" for the Jackson County prosecutor. Witness acted as secretary and took notes for the grand jury. He vaguely remembered the case where defendant was accused of killing a man by the name of George Leach Lanphere on the 16th of January 1942. He said: "I remember it vaguely, this happening in Sheffield in a tavern there, and I remember that, I believe, this party worked with the Sheffield Steel Company. * * * I am sure we never indicted anyone without having full testimony and witnesses." He turned his grand jury notes, which were in long hand, over to the prosecuting attorney's office. He didn't know what had happened to them, as he had not seen them since.

Defendant's counsel then advised the court that he had nothing else to offer and said: "I don't seem to be able to find any additional information or new evidence." Counsel further advised the court that the list of names of persons whom defendant had asked to be subpoenaed were practically the same as those who had appeared and testified at the trial of the cause some eleven years before. There is no suggestion in the record that the testimony of any of these witnesses would support any of the assignments in the motion to vacate the judgment.

It is well settled that motions do not prove themselves. In this case the motion was filed under Supreme Court Rule 27.26 and the burden rested upon the movant-appellant to offer substantial evidence in support of the allegations of his motion. State v. Anderson, Mo.Sup., 254 S.W.2d 638, 639(3); State v. Skaggs, Mo.Sup., 248 S.W. 635, 637(5); Hurst Automatic Switch & Signal Co. v. Trust Company of St. Louis County, Mo.Sup., 5 S.W.2d 3, 4(3). This he has not done. Appellant sought to prove that the grand jury returned the indictment in question against him without hearing substantial evidence in support of the charge set forth in the indictment, however, it is apparent from a reading of the record in this case that appellant offered no substantial evidence favorable to his theory concerning the insufficiency of the indictment upon which he was tried and convicted. The evidence offered tends rather to support the indictment than to sustain the allegations contained in appellant's motion.

Appellant's application for a writ of Habeas Corpus Ad Testificandum Et Prosequendum was submitted to the court upon "just what appears on the face of the records." Counsel agreed that there was no contention that anything more was involved "other than the records of the court." At the hearing in the circuit court there was no contention that the court records were not entirely regular and proper upon their face.

Further, there is nothing in the application tending to show any facts within the personal knowledge of the appellant with reference to what transpired in the grand jury room or what evidence was heard by that body prior to the finding of the indictment in question. Nor was there any showing that appellant had personal knowledge of any other fact material to any other allegation contained in his motion to vacate the judgment.

On the record presented for review de novo in this court it is apparent that the trial court did not err in denying appellant's motion, or motions; and that the judgment of the trial court should be affirmed. It is so ordered.

All concur.