**STATE of Missouri, Respondent.**

v.

**Earl HURST, Appellant.**

No. 48563.

Supreme Court of Missouri,
Division No. 1.
June 12, 1961.

Earl Hurst, pro se.

Thomas F. Eagleton, Atty. Gen., Ike Skelton, Jr., Sp. Asst. Atty. Gen., for respondent.

HOUSER, Commissioner.

Appeal from an order and judgment of the Circuit Court of Jackson

County denying an application to vacate a prior judgment of conviction. This is the third appeal involving the original judgment of March 17, 1943, by which appellant was convicted of murder in the second degree and sentenced to life imprisonment. See State v. Hurst, Mo.Sup., 178 S.W.2d 437, in which the original judgment of conviction was affirmed, and State v. Hurst, Mo.Sup., 280 S.W.2d 115, in which the denial of a motion to vacate under 42 V.A. M.S. Supreme Court Rule 27.26 was affirmed. Under Rule 27.26 "The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner." In the instant proceeding, based upon V.A.M.R. Supreme Court Rule 27.26, appellant seeks to raise some of the same questions settled in the last appeal, i. e., that the original indictment was returned by the grand jury without hearing witnesses and credible testimony and that the prosecuting officials obtained the verdict of guilty by deceit, trickery and suppression of evidence. Appellant exhausted his remedy as to these points in the proceedings culminating in State v. Hurst, Mo.Sup., 280 S.W.2d 115. That was a final judgment, State v. Campbell, Mo.Sup., 307 S.W.2d 486, 490; State v. Thompson, Mo.Sup., 324 S.W.2d 133, 136, forever adjudicating adversely to appellant the issues he now seeks to resurrect. Appellant's charges that he did not have effective aid of counsel, a fair and impartial trial, and was deprived of due process and equal protection of the law, are insufficient, as mere conclusions. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 807. Appellant's complaint that he was deprived of his right to be present in person at the hearing of his first motion to vacate (in 1954) must be rejected. He had no absolute right to be present. A proceeding under Rule 27.26 is not a step in appellant's criminal proceedings, State v. Smith, Mo. Sup., 324 S.W.2d 707, 712, entitling him as an accused in a criminal prosecution to the "right to appear and defend, in person * * *" under Constitution of Missouri 1945, Art. 1, § 18(a), V.A.M.S. A proceeding under Rule 27.26 is civil in nature. Whether a court has abused its discretion in proceeding with a civil case in the absence of a party depends upon the circumstances. Brown v. Stroeter, Mo.App., 263 S.W.2d 458. No abuse of discretion in the 1954 proceeding has been shown. Appellant had an attorney. Evidence was presented. There is nothing to indicate that appellant had personal knowledge of any of the facts alleged therein or that his personal testimony was necessary to substantiate the motion. The circuit court properly ruled that petitioner-appellant is not entitled to relief.

The judgment dismissing the application is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All the Judges concur.