**Melvin MELLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53833.

Supreme Court of Missouri,

Division No. 2.

March 10, 1969.

Carroll J. McBride, Jefferson City, for appellant.

Norman H. Anderson, Atty. Gen., Maxim N. Bach, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Under Supreme Court Rule 27.26, V.A.M.R., appellant seeks to set aside a sentence of eight years imprisonment for theft (of a white-faced steer). On original appeal, appellant's conviction was affirmed, State v. Meller, Mo., 382 S.W.2d 671.

In these respects, appellant claims he was denied effective assistance of counsel: His counsel did not wish to defend him, "and that the court appointed him worked to the detriment of movant"; his counsel failed fully to discuss the merits of the case or to advise him; he failed to investigate certain information given him by appellant, or to present same during trial; he failed to take any action in the defense whatsoever other than the bare minimum compelled by procedure; he failed to procure witnesses named by appellant; he failed properly to select the jury—"to ascertain and dismiss those prejudiced against movant"; he failed to allow appellant to review transcript on appeal despite his repeated requests; he failed properly to prosecute the appeal; he refused to seek a change of venue contrary to appellant's wishes, when because of inflammatory publicity by the news media in the area where appellant stood accused it was not possible to select a panel of jurors who were not biased. Appellant further alleged that his

co-defendants, who were main witnesses against him, were not qualified to bear witness against him because they were either offered or believed they would receive leniency; and that he was denied compulsory process for obtaining witnesses contrary to due process of law—subpoenas issued for the procurement of witnesses to appear on appellant's behalf were for December 6, 1963, and his trial was had December 5, 1963.

Upon the foregoing allegations a hearing was had, with appointed counsel, and the following evidence was presented: Appellant testified that he had a conversation with his counsel in 1963 regarding a change of venue, which appellant wanted because there was a lot of publicity on the radio and in newspapers about what he had done and he figured he could not get a fair and impartial trial. The publicity involved cattle rustling, breaking bail and going to California, and the dynamiting of a building. Appellant thought the publicity would inflame the minds of the people living in Cole County. During that summer appellant took along an F.B.I. statement he had given and gave it to his counsel, and he never had any talks with counsel except the day before trial when he came to the jail and asked who appellant wanted subpoenaed. Appellant told counsel to subpoena Terry Brueggmann at the Skyline Restaurant, who could testify that (witnesses) Steinmetz and Fenton were at the restaurant two hours prior to the time appellant got there, when those witnesses had testified that one of them rode with appellant. He asked for another witness, a night watchman at Tenco Metal Company, but could never find out his name; and a Cob Jenkins from Holts Summit, Missouri, who could testify that appellant was hauling I-beams on his truck. None of these witnesses testified for appellant, although he requested his counsel to investigate them in the case. Four blank subpoenas were issued and produced by appellant (his trial counsel having sent them to him), all showing the date of December 6, 1963 as the day of witness appearance. The trial was had and concluded on December 5, 1963. None of the blank subpoenas was served.

With respect to his charge that his counsel failed to properly select the jury, appellant testified that he knew practically everybody thereon, and his lawyer did not examine them as to what he wanted to ask them, "just run them in there and I think a couple of them got up and left when he asked if any of them knowed me or felt prejudiced or something."

Appellant asked his counsel to get the court records of Steinmetz and Fenton from Callaway and Cole counties. Counsel failed to point out inconsistencies in the testimony of these two witnesses, which was contradictory; he did not request a directed verdict; and no brief was filed on appellant's behalf on appeal.

On cross-examination, appellant testified that he had employed his counsel as one of his own choosing; he had previously hired him on a few legal matters for a number of years. Appellant was in California for thirty days in the summer, and did not know what his counsel did for him during that time. Counsel consulted with appellant once when he was in jail and once while he was free on bond before he went to California, for about 10 minutes each time. One of the jurors was recalled by appellant, who was probably an enemy. "We rode on the same school bus and we never did get along together." He requested counsel to "cut him off" for that reason but counsel said it did not have anything to do with the case.

Counsel for appellant testified that he had been practicing law for 38 or 39 years in Cole County, Missouri. He had been prosecuting attorney for one term. Through the years he had tried about 266 criminal cases. He was employed by appellant in the cattle rustling case, and saw

him four or five times in regard to it, all but one outside the jail. He could not say that all were lengthy visits except one. He discussed the case with appellant, who gave him a list of persons he desired subpoenaed. Counsel determined that Terry Brueggmann's testimony would be of no value or pertinence in the trial of the case, as was the case with another witness. "Mr. Meller and I did not agree in judgment about the utility or pertinency of some of the testimony. He didn't run the case, I did." He did not know of the night watchman witness, but only those at the filling station and restaurant whose testimony was of no value according to appellant's statements. As to the blank subpoenas, when counsel went out investigating he equipped himself with them so he could serve them if he found a useful witness. The blank subpoenas were some he did not use.

The records of Steinmetz and Fenton from Callaway County would not have been material to appellant's case, according to counsel. Appellant complained to counsel about the prosecution of his defense during trial as to use of character witnesses. Those witnesses were interviewed by counsel for appellant, "and it would have done him harm if I had used them." As to a change of venue, counsel testified that appellant had a great many friends, or people he had done business with, in the county, "and in some respects he had a very good reputation, and he knew a great many people on this panel and if any of them managed to be retained on the jury I thought it was a good thing. * * * He wasn't a man who had a county full of enemies. And on that discussion between us, and which we agreed about what the facts were, it was decided we'd better stay here." Counsel wanted to be relieved after trial, but the court put him back on as appointed attorney for the appeal.

The Honorable James T. Riley, then Prosecuting Attorney and now Circuit Judge of Cole County, Missouri, testified that he used the testimony of Steinmetz and Fenton in the trial of appellant's case. Both of these witnesses later pleaded guilty to charges of cattle theft, but not the white-faced steer for the theft of which appellant was convicted. The theft of the one steer, and others for which Steinmetz and Fenton were charged, occurred on different dates. The former was filed against appellant alone because of the belief that the state could prove appellant cashed the sale check under a fictitious name.

Counsel for appellant here read numerous questions and answers from the original record, claimed to be leading and calling for conclusions and hearsay, to which no objection was made, and no "advisory" instructions were asked. Some of the questions are leading in nature, but certainly the majority are not. The "hearsay" questions relate to what appellant said to the witnesses, and are therefore admissions against interest. No conclusions, clearly such, are stated.

 This record shows that counsel did defend appellant, and there is no showing that he did not wish to do so. He was retained by appellant as his chosen counsel. Counsel did confer with appellant on several occasions, and his testimony refutes that of appellant that he did not investigate the case, in the trial court's determination of credibility of witnesses on this hearing. There is no showing that the jurors were improperly selected. Counsel and appellant jointly determined that no change of venue would be requested because appellant "wasn't a man who had a county full of enemies." The appeal was fully considered on the assignment of errors made by counsel in the motion for new trial. There is no showing that Steinmetz and Fenton were promised any leniency in testifying against appellant. The blank subpoenas, available but unused by counsel, were fully explained. Any meritorious factual issues present in appellant's motion have been re-

solved against him by the trial court where the testimony conflicts. The trial court was not compelled to believe appellant's version of the conduct of his trial.

■ The trial court made full findings of fact with respect to each of appellant's asserted grounds for relief. Specifically and succinctly it was found and concluded: "The court finds that objections to evidence, the request or not for cautionary instructions, the methods used to discredit or impeach witnesses and other matters specified are matters of trial strategy and judgment and it is not required that the court 'second guess' counsel on such matters, State v. Keeble, Mo., 399 S.W.2d 118, 122. It is only in instances that a trial becomes a mockery and farcical because of the substandard level of services of an attorney that a judgment is open to collateral attack on the ground that the accused was deprived of his constitutional right to the effective assistance of counsel. State v. Worley, Mo., 371 S.W.2d 221, 224. There is nothing found in the evidence offered by movant in support of this motion or in the transcript of the trial to indicate that the trial counsel for defendant conducted the defense in an unskillful or unsatisfactory manner that caused the trial to become a mockery or farce." On this review the record bears out the trial court's findings and conclusions. Those findings and conclusions are not clearly erroneous. Appellant's allegations are unsupported by substantial proof as was his burden. State v. Hurst, Mo., 280 S.W.2d 115; Supreme Court Rule 27.26(f) and (j), V.A.M.R.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.