STATE of Missouri, Respondent,

v.

Robert GLOVER, Appellant.

No. 9395.

Missouri Court of Appeals,
Springfield District.

Sept. 25, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for respondent.

James A. Dunn, Carthage, for appellant.

BILLINGS, Judge.

Defendant Robert Glover was convicted by a Newton County jury of second degree burglary and stealing. The jury could not agree on defendant's punishment and the court sentenced him to prison terms of ten years for burglary and five years for stealing, with the sentences to be served concurrently. Defendant's plea of former jeopardy was rejected by the trial court and this is his sole assignment of error. We affirm.

Russell Buckmaster, an ex-convict and admitted thief, joined what he described as Leonard Joe Baker's "burglary ring" in June of 1971 and became acquainted with the defendant during the first few days of September of that year. Between the time that he met defendant and October 12, 1971, Buckmaster admitted involvement in approximately 75 burglaries in Newton, Jasper, Dade and Vernon Counties of Missouri.

On the morning of October 12, 1971, Buckmaster, his wife, Baker, the defendant and defendant's then wife had breakfast together in Galena, Kansas, where the defendant resided. The defendant told the group that he wanted to show them "some places in Saginaw [Missouri] that he wanted to burglarize." The quintet drove to Missouri and while the two women stayed in the automobile the three men burglarized the M. O. Moffett home in or near Saginaw. Items stolen from the Moffett residence were placed in the trunk of the car and it was driven to the defendant's home in Galena, Kansas. According to defendant's former wife, re-married at trial time and called by him as a witness, two houses were broken into the morning of October 12. The stolen property was taken into defendant's house where prices defendant was willing to pay for each item were agreed upon and totalled by the former wife on an adding machine. Included was a tape recorder which was not stolen from the Moffett residence but which Buckmaster said had been "burglarized that morning." Defendant paid Buckmaster and Baker for their "share" of the stolen property.

Kansas, Missouri, and federal authorities, armed with a Kansas search warrant, searched the defendant's home in Galena,

Kansas, on November 10, 1971, and found various stolen articles, including some items taken in the Moffett burglary and the tape recorder. Defendant was prosecuted and convicted in Kansas for "possession of stolen property" and sentenced to not less than three years nor more than ten years in prison. Appeal of the conviction was pending when the defendant went to trial in this case in August of 1972.

At the beginning of defendant's trial in this case, but before the jury was empaneled, the defendant orally moved to dismiss these proceedings because of double jeopardy. No evidence was offered in support of the motion and it was overruled. As part of his defense the defendant testified he was tried and convicted in Kansas for a November 10, 1971, charge for "possession of this property here" but "not the exact same items."

■ In this state the plea of former jeopardy can be shown either by a motion to dismiss prior to trial or at the trial under the general issue of a plea of not guilty. Rule 25.05(b), V.A.M.R.; § 546.-360 RSMo 1969, V.A.M.S. Such a plea does not prove itself and must be supported by the necessary record proof, showing the offense charged to be the same and that it was based on the same facts, and, that the trial resulted in a conviction or an acquittal. State v. Broyles, 317 Mo. 284, 295 S.W. 550 (1927). "The test is the identity of the 'offenses', offenses identical in law and in fact." State v. Bowles, 360 S.W.2d 706, 707 (Mo.1962). While parol evidence is admissible to show identity of offenses [State v. Thornton, 37 Mo. 360 (1866)] the defendant has the burden of proof to show identity of offense. State v. Andrews, 27 Mo. 267 (1858).

■ Jeopardy means exposure to danger [Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904)] and it was a principle of the common law that a man should not be brought into danger of his life or limb for one and the same offense more than once. Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874); State v. Linton, 283 Mo. 1, 222 S.W. 847 (1920). This fundamental axiom is constitutionally rooted in the Fifth Amendment of the United States Constitution and Article I, § 19 of the Missouri Constitution. Since Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) the provisions of the federal Double Jeopardy Clause are applicable to the states through the Fourteenth Amendment and Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), held that "the 'twice put in jeopardy' language of the Constitution thus relates to a potential, i.e., the risk that an accused for a second time will be convicted of the 'same offense' for which he was initially tried." Also see State v. Richardson, 460 S.W.2d 537 (Mo. banc 1970).

Although we entertain serious doubt as to whether the record before us is sufficient to establish defendant's Kansas conviction we will, nevertheless, proceed on this basis and further assume his prosecution and conviction was based on Kan. Stat.Ann. § 21–3701 (Supp.1972).[1]

■■ We initially observe that the fact defendant's Kansas conviction was pending on appeal would not foreclose his plea of former jeopardy. This because Missouri follows the authorities which hold that a plea of former conviction is available to a defendant being tried for a second time for the same offense even though the defendant has an appeal pending from his first conviction. State v. Bockman, 344 Mo. 80, 124 S.W.2d 1205 (1939); 21 Am.Jur.2d, Criminal Law, § 178 (1965).

1. § 21–3701. Theft. Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of his property:
   (a) Obtaining or exerting unauthorized control over property; or

   . . . . .
   (d) Obtaining control over stolen property knowing the property to have been stolen by another.
   . . . . .

Defendant predicates his plea of former jeopardy on the premise that his Kansas conviction was for the possession of stolen property, "the identical property with which he was charged for stealing in the instant case." From this he concludes that the prior Kansas conviction "for possession or unauthorized control of stolen property is a bar to the prosecution for burglary and stealing in the State of Missouri." We disagree. Defendant's contention ignores completely the two-sovereign principle, as well as the identity of offenses requirement.

Even where there is identity of offense, jeopardy in one jurisdiction does not free a party from trial in another jurisdiction where the act or transaction violates the laws of both jurisdictions. The classic example of this principle is demonstrated where a criminal act constitutes a violation of both federal and state law. In such instance it is held that a conviction or acquittal in one jurisdiction will not prevent a subsequent conviction in the other if the case is one over which both sovereignties have jurisdiction. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed. 2d 729 (1959); Bartkus v. Illinois, 359 U. S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). While it is true that Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), rejected the extension of the two-sovereign principle to successive municipal and state prosecutions, that decision did not disturb Bartkus insofar as prosecutions by different sovereignties are involved.

"A conviction in one state for an act in violation of its laws is not a bar to a prosecution in another for the same act, if it violates the laws of the latter state . . . ." 22 C.J.S. Criminal Law § 296c (1961); 21 Am.Jur.2d, Criminal Law, § 191 (1965). This rule, we believe, is consistent with the proposition that each state, by virtue of its police power, has broad authority to create criminal offenses for the purpose of protecting or promoting the public welfare, and as a consequence more than one state may have jurisdiction over the same incident. We therefore hold that since defendant's earlier conviction was by a separate and different sovereign the plea of double jeopardy was not a bar to his prosecution in the instant case by the State of Missouri.

In view of the foregoing we find it unnecessary to demonstrate that in fact and in law the identity of offenses requirement was not met by the defendant and such failure would deny his plea of former jeopardy. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Goldsmith v. Cheney, 447 F.2d 624 (10th Cir. 1971); State v. Bowles, supra; State v. Toombs, 326 Mo. 981, 34 S. W.2d 61 (1930); State v. Richardson, supra.

The judgment is affirmed.

TITUS, C. J., and STONE and HOGAN, JJ., concur.