Robert L. GLOVER, Appellant,

v.

STATE of Missouri, Respondent.

No. 9811.

Missouri Court of Appeals, Springfield District.

Sept. 24, 1975.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 15, 1975.

Application to Transfer Denied Dec. 8, 1975.

Nolen W. Berry, Neosho, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Movant appeals from a denial of his motion for postconviction relief filed pursuant to Rule 27.26 V.A.M.R. In the original action movant was convicted, by a jury, of burglary in the second degree and stealing and received concurrent sentences now being served. This court affirmed that conviction. *State v. Glover*, 500 S.W.2d 271 (Mo.App.1973).

The original motion, later thrice amended, was filed in the Circuit Court of Newton County on December 27, 1973, and attorney Nolen Berry was appointed as counsel for movant.

On February 27, 1974, movant filed a pro se "Motion for Setting of Bail." The trial court denied this motion.

On July 10, 1974, the trial court held a hearing on the 27.26 motion. Attorney Berry attended that hearing and presented evidence on behalf of movant. The state also introduced evidence. Movant was not present at that hearing, nor was one Phillips.

On August 13, 1974, the trial court, after making certain findings of fact and conclusions of law, overruled the motion.

On this appeal movant makes two major complaints:

1. The trial court erred in overruling movant's applications for writs of habeas corpus ad testificandum, the writs having been sought for the purpose of producing movant and Phillips,[1] in order that they might testify at the July 10 hearing.

2. The trial court erred in overruling movant's "Motion for Setting of Bail" pending final disposition of the Rule 27.26 motion.

Movant's first major complaint has several aspects. The resolution of some of these aspects hinges upon whether Phillips, who did not testify at the jury trial, was the source of admissible testimony, the non-production of which was prejudicial to movant and tainted his conviction and sentences.

Rule 27.26(e) provides, in pertinent part: ". . . Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held. . . This hearing shall be an evidentiary hearing *if issues of fact are raised in the motion,* and if the allegations thereof directly contradict the verity of records of the court, that issue shall be determined in the evidentiary hearing. . . ." (Emphasis added.)

Rule 27.26(g) provides: "The prisoner shall be produced at any evidentiary hearing on a motion attacking a sentence *where there are substantial issues of fact.*" (Emphasis added.)

Movant asserts that the foregoing rules entitled him to attend the July 10 hearing, and to have Phillips present as a witness, because the testimony of Phillips, not presented at the original trial, was such that it raised "issues of fact" (Rule

27.26(e)) and "substantial issues of fact" (Rule 27.26(g)).

According to the motion, Phillips' testimony would have been to the effect that he, Phillips, prior to the original trial, overheard defendant's former wife make a statement, in the language of the motion, that "these people have been conspiring to falsely implicate the movant in this case." A charitable construction of the motion indicates that the words "these people" refer to Russell Buckmaster and Iva June Buckmaster,[2] both of whom testified as witnesses for the state at the original trial.

Movant's ex-wife did not testify as a witness for the state at the original trial and thus Phillips' testimony with respect to her alleged statement could not have been used to impeach her credibility.

But could the testimony of Phillips have been introduced, at least for the limited purpose of impeaching Russell Buckmaster and Iva June Buckmaster? The question must be answered in the negative.

There are situations when a statement of one conspirator may be introduced in evidence against his co-conspirator in spite of an objection grounded on hearsay, but there must be a showing, by *evidence independent of the statement,* of the existence of the conspiracy.[3]

Although the motion sets forth the essence of Phillips' testimony, it recites no independent facts, or purported facts, showing or tending to show the existence of a conspiracy among the two Buckmasters and the ex-wife. Thus the testimony of Phillips was inadmissible and its non-production at the original trial did not prejudice movant. It is unnecessary to determine whether

1. Both movant and Phillips were in prison at the time the applications were filed and remained there while the 27.26 proceedings pended in the trial court.

2. At the original trial Russell Buckmaster and Iva June Buckmaster testified that Russell Buckmaster, Joe Baker and movant committed the offenses with which movant was charged.

3. *State v. Flanders,* 118 Mo. 227, 23 S.W. 1086, 1087 (1893); *State v. Ross,* 29 Mo. 32, 50[5] (1859); *State v. Daubert,* 42 Mo. 239, 241[1] (1868); *McCutchan v. Kansas City Life Ins. Co.,* 122 S.W.2d 59, 68[5] (Mo.App. 1938); *Byers Bros. Real Estate & Ins. Agency, Inc. v. Campbell,* 329 S.W.2d 393, 398[10] (Mo.App.1959). See also 31(A) C.J.S. Evidence § 362, p. 875; 46 A.L.R.3d 1148.

Phillips' testimony was otherwise objectionable.

It follows that sub-complaints,[4] predicated on the invalid assumption that Phillips' testimony was admissible, similarly fail.

Accordingly, the trial court did not err in refusing to require the attendance of Phillips at the July 10 hearing.

But movant asserts that his motion raised other issues of fact which entitled him, under Rule 27.26(g), to have attended the July 10 hearing. The pertinent prong of his motion recites that, at the original trial, "the state witnesses committed perjured testimony which was known by the prosecution to be false."

■ The motion does not state what testimony was false or in what manner it was false. It does make reference to page 47 of the trial transcript. This court has examined page 47. It contains testimony of state's witness Russell Buckmaster, but it was testimony elicited on cross-examination by movant's trial counsel. It dealt with matters not mentioned in his direct testimony. The testimony on page 47 deals only with Buckmaster's sentence and incarceration resulting from Buckmaster's participation in the burglary. The testimony on that page does not mention movant nor any facts surrounding the offenses. The truthfulness or falsity of that testimony (and none of it has been singled out for specific attack) was not material to the issue of movant's guilt or innocence. The conclusional allegation with respect to the alleged perjury did not warrant an evidentiary hearing. *Smith v. State,* 513 S.W.2d 407, 411[1] (Mo. banc 1974); *Sherrill v. State,* 515 S.W.2d 611, 613[6] (Mo.App.1974).

The final aspect of movant's first major complaint is that his trial counsel rendered him incompetent and ineffective assistance by advising him not to testify on his own behalf at the original trial. At that trial movant did take the stand in his own behalf for the limited purpose of giving evidence relative to the plea of former jeopardy,[5] but he gave no testimony with respect to the primary issue of his guilt or innocence of the offenses charged.

The motion fails to set forth facts which, if true, would save this aspect from the principle expressed in *Hughes v. State,* 507 S.W.2d 363 (Mo.1974). In *Hughes* the 27.26 movant claimed that he was denied effective assistance of counsel for the reason that trial counsel "deprived him of the right of testifying in his own behalf." The Supreme Court, in affirming the judgment of the trial court denying relief, said: "Movant has demonstrated nothing more than that his trial counsel gave him certain advice on a question of trial strategy. It is well settled that a hindsight disagreement as to the wisdom of such a strategic, professional decision may not be the basis for a successful charge of inadequate assistance of counsel." *Hughes,* at p. 364.

It is true that in *Hughes* an evidentiary hearing was held. Nevertheless, such facts as are recited in the instant motion, even if proved, would not show more than the evidence adduced in *Hughes.*

■ Thus the motion failed to raise issues of fact so as to require an evidentiary hearing, under Rule 27.26(e). Moreover, the motion failed to raise "substantial issues of fact" so as to entitle movant to be present at an evidentiary hearing. Rule 27.26(g).

But an evidentiary hearing was held and movant was not present, though he was represented there by Attorney Berry and evidence was adduced on his behalf. If

---

4. The sub-complaints are that movant's trial attorney was negligent in failing to interview Phillips and in failing to have him subpoenaed for the original trial, and that a sheriff gave false information to the trial attorney with regard to Phillips' whereabouts.

5. The invalidity of that plea was discussed fully in *State v. Glover,* 500 S.W.2d 271 (Mo.App.1973), the appeal from the original trial.

truth abides in the maxim "half of hog is better than none," no just complaint can stem from being accorded half a hearing when movant was entitled to no hearing at all.

A similar situation arose in *State v. Hurst*, 347 S.W.2d 177 (Mo.1961). There the movant complained that he was deprived of his right to be present in person at the hearing on his motion to vacate. The court said at p. 178: "Appellant's complaint that he was deprived of his right to be present in person at the hearing of his first motion to vacate (in 1954) must be rejected. He had no absolute right to be present. A proceeding under Rule 27.26 is not a step in appellant's criminal proceedings, *State v. Smith*, Mo.Sup., 324 S.W.2d 707, 712, entitling him as an accused in a criminal prosecution to the 'right to appear and defend, in person * * *' under Constitution of Missouri 1945, Art. 1, § 18(a), V.A.M.S. A proceeding under Rule 27.26 is civil in nature. Whether a court has abused its discretion in proceeding with a civil case in the absence of a party depends upon the circumstances. *Brown v. Stroeter*, Mo.App., 263 S.W.2d 458. No abuse of discretion in the 1954 proceeding has been shown. Appellant had an attorney. Evidence was presented. There is nothing to indicate that appellant had personal knowledge of any of the facts alleged therein or that his personal testimony was necessary to substantiate the motion. The circuit court properly ruled that petitioner-appellant is not entitled to relief."

Nor is *Hurst* to be distinguished on the ground that movant here had knowledge of the facts, at least those pertaining to counsel's advice not to testify. As stated, such facts as are contained in the motion, even if movant had personal knowledge of them, are insufficient to avoid the principle of *Hughes, supra.*

It is also true that *Hurst* was decided in 1961 and Rule 27.26(g) did not appear until 1967 when Rule 27.26 was extensively amended but, as has been shown, the instant motion failed to satisfy Rule 27.26(g).

This court concludes that movant's first major complaint has no merit, and this conclusion is dispositive of movant's second major complaint.

■ The trial court denied movant any relief on his 27.26 motion. That ruling, attacked only specially by movant's first major complaint, [6] is now secure. Movant received no relief on his motion and he was entitled to none. Any action on the part of this court in exploring movant's right, if any, to bail "pending final disposition of the motion to vacate" [6] would serve no purpose. The issue is moot. *Jett v. Terminal RR Assoc. of St. L.*, 357 S.W.2d 135, 138[4] (Mo.1962); *Mudgett v. Peterson*, 482 S.W.2d 472, 473[2] (Mo.1972). In his argument here movant stated "Until the motion to vacate is ruled upon, lawful incarceration of movant is still in doubt." No such doubt now exists, if it ever did.[7]

Accordingly, it is not necessary for this court to determine whether the trial court possessed the power to have granted bail during the pendency of the motion and, if so, whether the trial court properly declined to exercise it.[8] Nor is it necessary to determine whether movant should have resorted

---

6. The language of movant's appellate brief.

7. Movant's brief recognizes, at least inferentially, that his failure to prevail on his first major complaint undermines, if undermining is needed, his second. His argument states: "Should the appellate court reverse and remand this case for rehearing, appellant prays that the trial court be directed to set bail for appellant."

8. Rule 28.13, dealing with appeals taken by the *state*, reads in part: "The provisions of this Rule shall not apply in the case of an appeal taken by the state from an order entered in a proceeding brought under the provisions of Rule 27.26, but, in such case, the defendant shall remain in custody during the pendency of the appeal." Thus, aside from the dodged question of whether movant might have been entitled to bail during the pendency of his motion, he would not have been entitled to bail pending an appeal by the state had he prevailed in the trial court.

to original rather than appellate jurisdiction in seeking relief from this court on the bail issue.

The judgment is affirmed.

All concur.