## THE STATE v. MIKE FEELER, Appellant.

Division Two, December 1, 1920.

1. INFORMATION: Amendment: Spelling of Name. An amendment of the information after the jury had been sworn by inserting the letter "d" in the name of the prosecuting witness so that the name would be spelled "Hodge" instead of "Hoge" was simply a change in matter of form, and defendant's right was in no wise prejudiced thereby.

2. TRIAL: Conduct of Judge. Petulant remarks by the trial judge, evincing impatience at the prolix manner in which the witnesses were being examined, do not alone constitute prejudicial error.

3. INSTRUCTION: Deadly Weapon: Beer Bottle. The deadliness of a beer bottle may be presumed from the wound inflicted upon the prosecuting witness when he was struck upon the head, felled to the floor and his skull fractured; and therefore it was unnecessary for the instruction to submit the question whether or not said beer bottle was a dangerous and deadly weapon.

4. ———: Malice: No Evidence. An instruction for defendant based on the assumption that the offense was committed without malice should be refused where there is no evidence to sustain the assumption.

5. REMARKS OF COUNSEL: Preserved for Review. To preserve for review remarks of the prosecuting attorney, alleged to have misled the jury and to have induced a verdict of guilty, the trial court should be asked to order a withdrawal of the remarks from the consideration of the jury or to reprimand the attorney, unless the improper remarks are such that their withdrawal would not cure their injurious effect.

6. ———: Sentence to Reform School. A remark by the prosecuting attorney in his closing argument to the jury that if defendant was under the age of eighteen years and was convicted he would be sent to the Reform School and not to the Penitentiary, was not

such error as will authorize a reversal, where no such statement of the law, although not a misstatement of it, was included in the instructions, and the punishment meted out by the jury was the minimum authorized by law; for the verdict being sustained by ample testimony, there is no basis for a conclusion that but for the remark the jury would not have found defendant guilty.

Appeal from Maries Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

*F. H. Farris* and *J. A. Watson* for appellant.

*Frank W. McAllister,* Attorney-General and *C. P. Le Mire,* Assistant Attorney-General, for respondent.

(1) The information is sufficient. The court did not err in permitting the amendment of which appellant complains. State v. Walton, 255 Mo. 240; State v. Loesch, 180 S. W. 878; State v. Sillbaugh, 250 Mo. 312; State v. Keener, 225 Mo. 494; Secs. 4970, 5061, R. S. 1909. (2) The court did not err in permitting the State to inquire as to the matter of flight by the defendant immeriately after the commission of the crime. State v. Harris, 232 Mo. 320; State v. Spaugh, 200 Mo. 599; State v. Adler, 146 Mo. 26. (3) Remarks by the court objected to do not constitute reversible error. State v, Walton, 255 Mo. 244; State v. Rasco, 239 Mo. 577. (4) The remarks of the prosecuting attorney complained of in the motion for new trial do not constitute reversible error. State v. Armstrong, 167 Mo. 271; State v. Emery, 76 Mo. 349.

WALKER, J.—Appellant was charged by information in the Circuit Court of Maries County with an assault with intent to kill under Section 4481, Revised Statutes 1909.

The assault was committed at a social gathering at which there was dancing. Aaron Hodge, who was as-

sulted, had a quarrel with Lincoln Feeler, the brother of the appellant, as to their respective rights to dance in a set then being formed. Hodge struck at Lincoln with his fist, and the latter ran off of the floor. A short time thereafter, while Hodge was standing talking to a young woman with whom he was dancing, the appellant came up and struck him on the head with a beer bottle. Hodge was felled to the floor by the blow, and appellant ran up, kicked him and fled. When Hodge was lifted from the floor he was unconscious and was bleeding from his mouth and ears. A subsequent examination disclosed that his skull had been fractured. The wound thus inflicted did not prove fatal, and after several weeks' confinement, during which time he was under medical treatment, he partially recovered and testified at the trial.

Not only had there been no controversy between appellant and Hodge, but it does not appear that they had at that gathering been in each other's immediate presence before the assault.

Upon a trial the appellant was convicted as charged and sentenced to two years' imprisonment in the penitentiary. From that judgment he appeals.

I. It is urged that error was committed in permitting the prosecuting attorney to amend the information after the jury had been sworn by the inserting in the information of the letter "d" in the name of the prosecuting witness so that the same would be spelled "Hodge" instead of "Hoge."

Amendment of Information.

It is provided in our Statute of Jeofails regulatory of criminal procedure that "an information may be amended in matter of form or substance at any time by leave of court before trial, and on the trial as to all matters of form and variance, at the discretion of the court when the same can be done without prejudice to the substantial rights of the defendant on the merits" etc. [Sec. 5061, R. S. 1909.] The test, as disclosed by this court in State v. Walton, 255 Mo. 1. c. 242, as to

whether a defendant is prejudiced by the amendment of an indictment or information is whether a defense under the charge as originally made would be equally available after the amendment and whether any evidence for defendant would be equally applicable as well as before amendment. The amendment here made simply changed the spelling of the name of the person assaulted and was a matter of form (Rasmussen v. State, 63 Wis. 1, 22 N. W. 825; 22 Cyc. 441); and a defense under the information as originally drawn would be equally applicable after the amendment. It does not appear, therefore, that the defendant was in any wise prejudiced by the amendment, and this is the gist of the test stated.

In State v. Loesch, 180 S. W. 875, in applying the statutory rule above cited, we held that an information charging the defendant with obtaining money under false pretenses might be amended so as to allege that the property conveyed was owned by the grantors at the time of the conveyance.

In State v. Sovern, 225 Mo. 580, an information for an assault with intent to kill improperly charged the accused with inflicting the wounds upon himself. An amendment was permitted striking out the name of the accused as thus employed and inserting the name of the injured party. While this rule was under the general statute of jeofails (Sec. 5115, R. S. 1909), it was likewise authorized by the statute first cited (Sec. 5061, R. S. 1909), which by its terms not only declares the general Statute of Jeofails applicable to informations as well as indictments, but makes express provision as to the manner in which the former may be amended. Our reports are replete with cases discussing the various amendments that may be made under these statutes. That the amendment complained of is clearly within their purview there seems to be no doubt. This contention is therefore overruled.

II. The objections as to errors in the admission of testimony were not made in such a manner or so preserved as to entitle them to a review.

Testimony.

III.  The remarks of the trial judge are complained
of.  While somewhat petulant at times and evincing im-
Conduct of     patience at the prolix manner in which the
Judge.         witnesses were being examined, a careful re-
               view does not disclose any remark which by
reasonable intendment can be construed as prejudicial.

IV.  All of the instructions given on behalf of the
State, designated numerically, are alleged to be errone-
Instructions.   ous.  Numbers one, two and three were on the
                presumption of innocence and reasonable
doubt.  Number four defined the crime as charged under
the statute and prescribed the punishment.  Number five
was in reference to the credibility of witnesses.  Number
six defined the technical terms employed in charging an
offense of this nature.  Number seven was as to the pre-
sumption arising from the use of a deadly weapon at
some vital point.  Number eight told the jury that no op-
probrious or abusive words would justify an assault.
These instructions were in the forms which have been
repeatedly approved by this court in cases of this char-
acter and are not subject to valid criticism.

If it be contended that instruction numbered four
was erroneous in not submitting to the jury the question
as to whether or not the beer bottle with which the as-
sault was committed was a dangerous and deadly
weapon, it will suffice to say that the wound inflicted was
of such a nature that the deadliness of the weapon might
be presumed and it was unnecessary therefore to submit
that question to the jury.  This subject was exhaustively
discussed by this court in State v. Keener, 225 Mo. 488,
in which we held that "an instruction which told the jury
that 'he who wilfully, that is, intentionally, uses upon
another at some vital point a deadly weapon, to-wit, a
knife, must, in the absence of qualifying facts, etc.' is not
reversible error in that it assumes that the knife is a
deadly weapon, in view of the fact that the evidence
shows that the wounds inflicted were dangerous."

As we said in State v. Harris, 209 Mo. l. c. 438, "the
uniform construction placed by this court upon the first

clause of Section 1847 (now Sec. 4481, R. S. 1909) has been that it is not necessary to allege that the instrument with which the defendant stabs another is a deadly weapon; the allegation that the knife with which the defendant in this case stabbed the prosecuting witness was a deadly weapon was unnecessary and can be treated as surplusage, and it was not essential to prove that it was a deadly weapon to sustain the charge in the information, and therefore it was necessary for the court to submit to the jury the question whether such knife was or was not a deadly weapon.''

In State v. Bowles, 146 Mo. l. c. 13, we said that ''a deadly weapon is a weapon or instrument by which death would likely be produced, when used in the manner in which it may appear it was used in the affray. . . . It does not follow because no witness testified to seeing the knife or detailed its exact dimensions, there was no proof as to its dangerous or deadly character. The deadly effect it produced was confirmation strong of its lethal qualities.''

In State v. Ruck, 194 Mo. l. c. 430, as in the instant case, the weapon used was a beer bottle and the court held that the statute does not require that the assault should have been made with a deadly weapon *per se;* that it was for the jury to determine under the facts in the case, whether the bottle used was likely to produce death or great bodily harm when aimed at a vital part of the injured person's body.

In the later case of State v. Miller, 264 Mo. 395, the doctrine announced in the Keener and other cases was affirmed. In the Miller case we held that when the lethal effect of a rock used by the defendant was shown, it was unnecessary to charge that the offense was committed with a deadly weapon and if such words were used that they were to be considered as surplusage and direct proof of the nature of the weapon dispensed with. To a like effect is our ruling in State v. Wansong, 271 Mo. 50. From all of which it follows

that the instruction numbered four correctly states the the law.

The instruction asked by the appellant and refused, designated as ''A,'' was based upon the assumption that the offense was committed without malice. There was no evidence to sustain this assumption and the instruction was therefore properly refused.

V. It is contended that the prosecuting attorney committed error in his closing argument, in stating to the jury that if the defendant was under the age of eighteen years and was convicted he would be sent to the Reform School and not to the Penitentiary. This was attempted to be preserved for review by a general objection. We have held that to preserve an error of this nature for review the court should be asked to order the withdrawal of the remark from the consideration of the jury or reprimand counsel. [State v. Carryer, 180 S. W. 850; State v. Clinkenbeard, 185 S. W. 553; State v. Webb; 254 Mo. 1. c. 434.] It is only where the improper remarks are such that if excluded they will not cure the injury complained of that a simple objection will suffice to entitle them to be considered by the appellate court. [Davis v. State, 54 Tex. Cr. 236, 114 S. W. 366.]

''Ordinarily,'' says the Supreme Court of Oklahoma, State v. Sturgis, 2 Okla. Cr. 1. c. 398, ''an objection is simply a protest against a certain line of argument. If the matter is deemed to be of sufficient importance to call for a review by this court, a motion to exclude should be made, and if overruled, an exception should be saved, and the question then comes properly before us for discussion, except as to remarks which are of such a character that their effect cannot be avoided by their withdrawal from the jury.''

If it be granted, however, notwithstanding this rule, that the objection made and exception saved were sufficient to entitle this assignment to a review, we are of the opinion that the remark was not such error as

will authorize a reversal. It was not a misstatement of the law (State v. Emery, 76 Mo. 348; State v. Armstrong, 167 Mo. 1. c. 270), but a declaration in regard to same, while correct as applicable to persons under the age of eighteen years, was not so declared in the instructions and hence could not be considered by the jury. That it was not so considered is evident from the verdict, which conformed to the instructions. In what manner, therefore, can it be said that the appellant was prejudiced, especially as the punishment meted out to him by the jury was the minimum authorized by law? In the presence, therefore, of this verdict, sustained, as it is, by ample testimony, and in the absence of anything more than the making of the remark, there is no authority for the conclusion evidently sought to be made by this assignment, that but for the remark the jury would not have found the appellant guilty. We therefore overrule this contention.

An examination of the record and bill of exceptions discloses no error authorizing a reversal and the judgment is therefore affirmed. All concur.