STATE of Missouri, Respondent,

v.

Marvin Lee SHELBY, Appellant.

No. 47059.

Supreme Court of Missouri,

Division No. 1.

Oct. 12, 1959.

James S. Simrall, Jr., Liberty, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

HYDE, Presiding Judge.

Defendant was convicted of driving a motor vehicle while intoxicated, a graded felony (Secs. 564.440 and 564.460 RSMo, V.A.M.S.) and sentenced to 60 days in jail. Defendant has appealed but has filed no brief.

The State's evidence showed that on a foggy night in December, 1957, defendant driving east on Highway 152 in Clay County was following a car driven by Mrs. Ruth Keen and that when Mrs. Keen turned into a driveway on the north side of the highway defendant's car came over onto that side and struck the right rear of her car. Defendant's car then went into the north ditch but he backed out, looked at the Keen car and drove away. This incident occurred about 7:45 P.M. and soon afterward, at the junction of Highway 152 with Highway 1, farther east, defendant's car ran into and across a drainage ditch and into a farmer's fence. Mrs. Keen had reported the incident and defendant was taken into custody by a highway patrolman between 9:30 and 10:00 P.M. In the meantime, defendant had contacted a friend who

obtained a tow truck which was towing defendant's car toward Liberty when defendant was arrested. The testimony of both the patrolman and a deputy sheriff was that defendant was intoxicated, staggery and incoherent and admitted drinking seven or eight mugs of beer before these occurrences on the highway. Defendant's version at the trial was that he had not been drinking before he struck Mrs. Keen's car but .drank whiskey with his friend, who came to get him at the junction, after they went to .his friend's house about 9:00 P.M., before they went back with the tow truck to get defendant's car. The principal fact issue for the jury to determine was whether defendant was intoxicated at the time he struck Mrs. Keen's car or whether his drinking occurred afterwards.

Defendant's motion for new trial makes the' following assignments:

"1. That the court, over objection by the attorney for defendant admitted evidence contrary to the law.

"2. That the judgment rendered by the jury was contrary to the evidence offered in said cause.

"3. That the court should have directed a verdict in favor of the defendant on the close of the State's evidence as filed by said defendant."

■ Assignments 1 and 2 do not comply with the requirements of Rule 27.20, 42 V.A.M.S., and are too general to preserve anything for appellate review. See State .v. Thomas, Mo.Sup., 309 S.W.2d 607, 610; State v. Rohman, Mo.Sup., 261 S.W.2d 69, 72; State v. Gaddy, Mo.Sup., 261 S.W.2d 65, 67; State v. Ivory, Mo., 327 S.W.2d 870, and cases therein cited. The error claimed by assignment 3 was waived by offering evidence on behalf of the defendant after his motion for judgment of acquittal at the close of the State's case was overruled. State v. Benjamin, Mo.Sup., 309 S.W.2d 602, 604; State v. Morris, Mo.Sup., 307 S.W.2d 667, 671; State v. Vandament, Mo.Sup., 299 S.W.2d

532, 533. Furthermore, the record does not show any motion for a judgment of acquittal at the close of the whole case. See Rule 26.10. Defendant's motion for new trial, filed nine days after verdict, asked in the alternative for the court to set aside the verdict and direct a verdict of acquittal or to grant a new trial. This, of course, could not affect the waiver already made nor remedy the failure to file a motion for a judgment of acquittal at the close of the whole case, so far as preserving anything for appellate review is concerned.

We have examined the record as required by Rule 28.02 and find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

All concur.