STATE of Missouri, Respondent,

v.

Charles Le Roy WILSON, Appellant.

No. 48669.

Supreme Court of Missouri,
Division No. 1.
Oct. 9, 1961.

Hugh J. White, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Clyde Burch, Asst. Atty. Gen., for respondent.

HYDE, Judge.

Motion to vacate judgment under Rule 27.26, V.A.M.R. Defendant was charged with first degree robbery (Sec. 560.120, statutory citations are to RSMo, V.A.M.S.) and sentenced to seven years in the penitentiary on a plea of guilty. The court overruled the motion and defendant has appealed.

Defendant asked for "process of ad prosequendum et ad testificandum" for the purpose of proving the averments of his motion, which was not granted. Instead as the order states, the court "having reviewed the court reporter's notes of the conference in chambers between the defendant, the Court, the Assistant Prosecuting Attorney and attorneys for the defendant, finds that the files and records in this case show to the satisfaction of the Court that the above-named defendant is entitled to no relief." The record shows that the information herein, charging first degree robbery, was

filed October 23, 1959. Defendant was arraigned on October 26, 1959, the case set for trial on November 9, 1959, and defendant held to bail in the sum of $5,000. At that time, defendant was informed of his right to counsel but waived such right and the court found he was mentally able and sufficiently informed to do so. Thereafter defendant was tried on another charge and on November 5, 1959, was convicted of manslaughter. He received a sentence of ten years and was taken to the penitentiary. On November 9, 1959, his robbery case was reset for December 7, 1959, and then continued to the next term and set for January 11, 1960. The case was then reset for January 18, 1960. The Court had appointed William Costello, a Kansas City lawyer, to represent defendant and he visited defendant at the penitentiary on January 11, 1960.

Defendant alleged in his motion that he told Mr. Costello that he would select his own attorney when he returned to Kansas City. Other material allegations were that his wife was to try to engage Louis Wagner of Kansas City to defend him; that he was not permitted to see his wife while in the Kansas City jail to instruct her how to make these arrangements; that he was returned to Kansas City on January 17th but did not see his wife until just before court convened on the 18th; and that he then learned that she had employed Mr. Wagner. Judge Kirtley, before whom the case was to be tried, had disqualified at defendant's request and the case was sent to Judge Strother. In the meantime, the State had filed an amended information alleging previous convictions of defendant. The record shows that Judge Strother, upon being informed of the employment of Mr. Wagner, asked Mr. Costello to stay in the case as co-counsel "because he is familiar with it." After defendant said "I will appreciate it," Mr. Costello said, "I will stay."

On the morning of January 18th, before Mr. Wagner appeared, defendant asked for a continuance but the court said "Mr. Costello is thoroughly familiar with the case." When Mr. Wagner came in, it appeared that defendant's wife had talked to him before January 11th when the case was previously set; and that Mr. Wagner had talked to the Assistant Prosecuting Attorney in charge of the case and to Judge Strother "and hoped possibly we could work out a plea for him." Defendant and his wife were then permitted to talk to the attorneys. After a recess, the case was called and Mr. Wagner announced that defendant entered a plea of guilty, withdrawing his previous plea of not guilty. The court then questioned defendant about this and defendant affirmed making a plea of guilty. The Assistant Prosecuting Attorney said he "would recommend a sentence of seven years to run consecutively with the ten year sentence" (on defendant's manslaughter conviction), although the charge was under the Habitual Criminal Act, and that he would dismiss another charge of a fraudulent check against defendant. The court accepted this recommendation, sentenced defendant accordingly and the fraudulent check charge was dismissed.

Defendant's allegations amount to three main points: (1) that he did not have adequate legal counsel and a reasonable time to prepare for trial; (2) that it was improper to permit the state to file an amended information alleging prior convictions of defendant; (3) that defendant had an absolute right to appear at a hearing on a motion to vacate judgment on his petition for writ of habeas corpus ad testificandum.

■ Taking these in inverse order, the third contention must be ruled under the following provision of Rule 27.26, namely: "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." See State v. Hurst, Mo.Sup., 347 S.W.2d 177, 178; State v. Smith, Mo.Sup., 324 S.W. 2d 707, 714. We conclude, for the reasons

hereinafter stated in ruling the first contention, that the court was not required to bring defendant before it to testify because the court could properly find that the record of the proceedings before it showed to the satisfaction of the court that defendant was entitled to no relief.

As to the second contention, it is only necessary to say it is wholly without merit because our statute (556.280; see Laws 1959, Senate Bill 117) provides for the consideration of prior convictions (evidence of which shall be heard by the Judge out of the hearing of the jury) in determining punishment. Thus it is always proper to allege prior convictions when the prosecuting attorney has knowledge of them.

Defendant's first contention cannot be sustained because of the facts shown by the record of proceedings in the case. Defendant makes some general allegations and conclusions contrary to the record but it was proper for the court to rule this case on the facts specifically shown by the record. As hereinabove shown, the case was continued four times, with more than two months between the first setting and final setting. Defendant could have had counsel from time of arraignment had he not refused the court's offer to appoint counsel; but he did later have assistance of appointed counsel, who conferred with him while he was in the penitentiary. Thereafter, he had the assistance of employed counsel retained by his wife and he approved having both work together as the court suggested. Mr. Wagner had during the previous week talked to defendant's wife, to the prosecuting attorney and to the Judge with the hope "we could work out a plea for him." Obviously, defendant took the advice of his employed counsel to accept what he had worked out. This is an entirely different situation from that in Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed.

680; and Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, cited by defendant. As we recently pointed out in State v. Johnson, Mo.Sup., 336 S.W.2d 668, 670, defendant cannot acquiesce in his chosen employed counsel's advice to obtain the benefit of dismissal of a serious charge against him, and also a much less sentence than he could have received, "and thereafter have any valid basis for a claim of lack of due process or equal protection of the laws."

The order appealed from is affirmed.

All concur.