**STATE of Missouri, Respondent,**

v.

**William Dean HUTCHIN, Appellant.**

No. 48889.

Supreme Court of Missouri,

Division No. 1.

Feb. 12, 1962.

**702**

James D. Anderson, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., James Wilson Spencer, Sp. Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant was convicted of burglary, second degree (Secs. 560.070, 560.095, statutory references are to RSMo and V.A.M.S.) and stealing (Secs. 560.156, 560.161, see also Sec. 560.110) under the Habitual Criminal Act (Sec. 556.280) and sentenced to ten years for burglary and five years for stealing to run consecutively. Defendant has appealed but filed no brief so we consider all assignments properly made in his motion for new trial. State v. Stehlin, Mo. Sup., 312 S.W.2d 838. Defendant's motion states ten grounds. Since ground 6 alleges error in overruling defendant's motion for a directed verdict we will state the facts shown by the State.

Defendant's motion at the close of the State's case was waived by offering evidence. State v. Shelby, Mo.Sup., 327 S.W.2d 873, 874, and cases cited. "In determining the sufficiency of the evidence to sustain a conviction, we consider as true the evidence favorable to the State and the favorable inferences reasonably to be drawn therefrom; and evidence to the contrary is rejected"; State v. Thomas, Mo.Sup., 309 S.W.2d 607, 609, and cases cited; State v. Woolsey, Mo.Sup., 328 S.W.2d 24, 25. Therefore, with the following facts shown by the State's evidence, this ground is wholly without merit. On July 30, 1960, between 3:00 and 3:30 a. m., defendant was seen behind the bar of a tavern, called Mutual Bar, located at 1019 Wyandotte, Kansas City, Missouri, by the night foreman of Mutual Garage, O. V. Gordon, investigating after hearing the breaking of glass. After observing defendant through the glass of the back door, Gordon went to the front door and, arriving there, met defendant coming through the broken glass of the front door. Defendant ran through a parking lot and down an alley to Baltimore Avenue. Gordon followed him, at a distance of 10 or 15 feet, without losing sight of him, to the vicinity of 12th and Baltimore, where defendant got into a taxicab. Gordon told

the driver "not to take him away because he had broke into a place" and the driver said "he wouldn't." Defendant started to get out of the cab, but a police patrol car then turned the corner and Gordon called to the officer driving it. The officer arrested defendant and took him to the Mutual Bar. The officer found the glass plate in the front door smashed; the cash register open, coins scattered on the floor, and the front and back doors securely fastened. A search of defendant produced twenty-one one-dollar bills, ten fifty-cent pieces, seventeen quarters, six dimes, five nickels and three pennies, totaling $31.13. Officer Penson, called by the arresting officer, testified that "the register had been rifled, there was change on the floor, on top of the bar, and also a trail of change toward the front door." The co-owner of the tavern, John Knowles, called by the police, testified he found money on the bar and on the floor and, upon checking his register, he found between thirty-one or thirty-two dollars missing. The defense was alibi, defendant claiming he was drinking in several taverns during the night, got drunk and was arrested when he got into a cab to leave after the closing of the last bar he visited. However, according to the State's evidence, he did not account for at least an hour between the time this bar closed and his arrest at 12th and Baltimore.

■ Grounds 3, 4 and 10 do not comply with the requirements of Rule 27.20, V.A. M.R., being too general to preserve anything for appellate review, stating only that the verdict was against the law, the evidence and the weight of the evidence and was the result of passion, prejudice and bias.

■ Grounds 1 and 2 alleged error in refusing defendant a continuance after permitting the State to file an amended information and "for the reason that two of defendant's witnesses were not available to him on the day of the trial." Concerning this latter contention, there is no such claim shown by the record and no request for a

continuance on this ground was made so far as the record shows. Apparently plaintiff was represented by a lawyer of his own choice since he had earlier on arraignment, before the first continuance of his case, refused an offer of the court to appoint counsel for him. The requirements for obtaining a continuance on absence of witnesses are set out in Rule 25.08 and no compliance therewith is shown or claimed. The only reason presented to the court, which was by oral motion, was the filing of the amended information, which made no change as to the crime charged but stated a previous burglary conviction. (Admitted by defendant when he testified.) As to a similar contention, in State v. Wilson, Mo.Sup., 349 S.W.2d 934, 936, we said: "[I]t is wholly without merit because our statute (556.280; see Laws 1959, Senate Bill 117) provides for the consideration of prior convictions (evidence of which shall be heard by the Judge out of the hearing of the jury) in determining punishment. Thus it is always proper to allege prior convictions when the prosecuting attorney has knowledge of them." See also Rules 24.02, 24.15; State v. Foster, Mo.Sup., 251 S.W.2d 675, 677; State v. Ninemires, Mo.Sup., 306 S.W.2d 527, 530. It further appears that there had been five previous continuances of the case and that the defendant himself stated that he wanted the trial to proceed. Therefore, we hold there was no error in denying another continuance on the showing made.

■ In ground 5, it was alleged that the court erred in rejecting evidence of "defendant's competence, his knowledge and ability to discriminate and know the difference between right and wrong." In ground 7, it was alleged that the court erred in refusing to instruct on "dipsomania and insanity." In ground 1, it was stated that if defendant had been granted a continuance "the statement of the physician who examined the defendant after the trial was completed * * * would have been available at the time of the close of the continuance." We think the trial court correctly ruled there was no evidence offered

at the trial showing insanity; and that there was nothing on which to base an instruction on insanity. See State v. Duckworth, Mo.Sup., 226 S.W. 15. No witness was asked about defendant's ability to know the difference between right and wrong. It was shown that while in the penitentiary defendant was sent to the State Hospital at Fulton but it was not shown for what purpose or how long he was there. There was no attempt shown to bring any doctors from Fulton to the trial or to obtain their testimony. The testimony of defendant's brother, with whom he lived, was that defendant did body and fender work on cars and refinishing pianos. His testimony was mainly about the effect of intoxicating liquor on defendant. He did say "he has spells other times, that, are not connected with drinking," but did not say what those spells were. However, he also said that under the influence of alcohol, defendant "appears to act strange or odd, he doesn't—isn't his normal self," which does not indicate anything wrong when he was his normal self. The court gave an instruction on the effect of voluntary drunkenness which is not alleged to be erroneous in defendant's motion for new trial.

An affidavit of defendant's brother filed with the motion for new trial stated that a doctor who examined defendant on February 10, 1961 (the trial was on January 4, 1961) made a finding to the effect that, under the facts as given and related in this cause, defendant did not know the difference between right and wrong. These equivocal statements apparently meant that this was true while defendant was drinking. We have carefully read and considered the testimony in the record relied on and conclude that there was no substantial evidence to make an issue of insanity; that there was no error in the trial court's rulings on evidence concerning this issue; and that a sufficient showing was not made as to newly discovered evidence to justify granting a new trial. See State v. Stroud, 362 Mo. 124, 240 S.W.2d 111; State v. Brotherton, Mo., 266 S.W.2d 712; State v. Green, Mo., 305 S.W.2d 863; State v. Edmonson, Mo., 309 S.W.2d 616; State v. Whitaker, Mo., 312 S.W.2d 34; State v. Stehlin, Mo., 312 S.W.2d 838; State v. Eno, Mo., 313 S.W.2d 720.

Ground 8 alleged error in not instructing on alibi. The record does not show that defendant offered any instruction on alibi. It has been ruled that "an instruction on alibi constitutes no part of the state's case"; and that "it is not a question of law upon which the court is required to instruct" as a part of the law of the case because "an instruction on alibi is the converse of the state's main instruction in so far as such main instruction requires the defendant's presence at the scene of the crime"; and, therefore, the rule concerning converse instructions should apply. State v. Pope, 338 Mo. 919, 929, 930, 92 S.W.2d 904, 910, 911, and cases cited; see also State v. Chaney, 349 S.W.2d 238, 244. Remaining ground 9 complains of the form of verdict given, saying it required a finding of guilt. This is not true because the instruction submitting forms of verdict properly stated certain forms to be used if the jury found the defendant guilty and others to be used if the jury found the defendant not guilty, with separate forms in each event for burglary, for larceny and for both.

We have examined the record as required by Rule 28.02, V.A.M.R., and find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

All concur.