STATE of Missouri, Respondent,

v.

Marcus WESTFALL, Appellant.

No. 49204.

Supreme Court of Missouri,
Division No. 1.

May 13, 1963.

Thomas F. Eagleton, Atty. Gen., Jefferson City, James W. Steele, Sp. Asst. Atty. Gen., St. Joseph, for respondent.

HOUSER, Commissioner.

Under § 563.160, V.A.M.S., defendant was charged with and convicted of indulging in a degrading, lewd, immoral and vicious practice with a minor, a ten year old boy, by forcing his penis into the rectum of the minor. The jury assessed his punishment at four years in the penitentiary. Defendant appealed from the judgment and sentence.

The victim testified that while walking home he fell and sprained his ankle in front of defendant's house; that defendant and a boy identified as Elmer Williams ran out of the house, picked him up, carried him into defendant's house and took him into the bedroom; that defendant pulled the victim's blue jean pants down to his ankles; that Elmer held the victim's hand while defendant stuck his penis in the victim's behind or "rear end"; that he felt defendant putting "his thing" into his rectum; that defendant offered him 25¢ and told him not to tell his mother or the police; that he ran out of the house, bleeding, and across the street for help; that the police were called and the victim reported what happened to the police, who took him to the

hospital. The policeman called corroborated the bleeding; the report of the incident; that the boy named the defendant as the one who did it, and stated that he took the boy to the hospital. The surgical resident at the hospital testified that the boy was crying, in pain, and stated that an older boy had stuck his penis into the boy's rectum. Examination revealed lacerations extending radially around the rectum as though something had been pushed in. The mucosa had "given" or split. The doctor testified that the type of injury the boy sustained could have been caused by a man's penis.

Defendant denied the occurrence, claimed he was elsewhere when it happened, and had evidence to support his alibi. Elmer Williams denied the incident, and claimed he did not see the victim that day until after the police picked him up.

■ Defendant having filed no brief we review all specifications of error properly preserved in his motion for new trial, Sup. Ct. Rule 27.20, V.A.M.R., and the portions of the record required by Sup.Ct. Rule 28.-02, V.A.M.R.

■ "1. The verdict of the jury subjects defendant to cruel and unjust punishment." This assignment is too general and is insufficient to warrant appellate review, under Sup.Ct. Rule 27.20. State v. Archer, Mo.Sup., 328 S.W.2d 661; State v. Pruett, Mo.Sup., 342 S.W.2d 943. Nevertheless, we restate the rule that punishment assessed against a defendant within the limits fixed by statute cannot be held to be cruel or unusual, State v. Archer, supra, 328 S.W.2d, l. c. 666, and cases cited, or unjust. The penalty prescribed by § 563.-160 is imprisonment in the penitentiary for a period not exceeding five years, or imprisonment in the county jail for a period not exceeding one year, or a fine in a sum not to exceed $500 or by both such fine and imprisonment. The jury having assessed the punishment within the limits prescribed, it cannot be adjudged cruel or unjust.

■ "2. The instructions as given by the Court, and each of them, do not fairly and impartially set forth and state the law of the case. The Court also failed to give the jury an instruction covering the legal effect, and defining, defendant's alibi." The first sentence is too general to preserve anything for appellate review under Sup.Ct. Rule 27.20. State v. James, Mo.Sup., 347 S.W.2d 211, 217[16]. The second sentence states no ground for interference. In the absence of a request for the giving of an instruction on the subject of alibi a trial court cannot be convicted of error in failing to give such an instruction. State v. Hutchin, Mo.Sup., 353 S.W.2d 701; State v. White, Mo.Sup., 301 S.W.2d 827. The record does not show that defendant requested or offered any instruction on the subject of alibi.

■■ "3. There was not sufficient evidence on which a jury could base a judgment of guilty." In determining this question we consider as true the evidence favorable to the state and the favorable inferences reasonably to be drawn therefrom, and evidence to the contrary is rejected. State v. Reagan, Mo.Sup., 328 S.W.2d 26, 29[5]. The recital of the state's evidence in the second paragraph of this opinion clearly demonstrates that there was ample evidence upon which to base a finding that defendant was guilty of indulging in a detestably degrading, lewd, immoral and vicious practice with a minor.

■ "4. The verdict of the jury was against the weight of the evidence." This assignment is too general to preserve anything for appellate review. State v. Gray, Mo.Sup., 360 S.W.2d 642.

The information is sufficient. The verdict is responsive to the information, and in proper form. Defendant was represented by counsel. The punishment is authorized by law, § 563.160; allocution was granted; the judgment is proper in form and sub-

stance, and the sentence was duly imposed. The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.