Troy Lynn SPENCER,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16770.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 12, 1990.

Melinda K. Pendergraph, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant entered a plea of guilty to a charge of committing sodomy by causing a female child less than 14 years old to perform oral sex upon him. § 566.060. He was sentenced by Judge Anthony J. Heckemeyer to imprisonment for 15 years and placed on probation for 5 years. A condition of that probation was that movant enter Biggs Forensic Center at Fulton State Hospital and complete the sexual offender program. Rather than enter that hospital, movant violated his probation by absconding to Oklahoma. Movant's probation was revoked and he was committed to the Department of Corrections. His subsequently filed motion for relief under Rule 27.26 was denied, without hearing, by the motion court. Upon appeal from that denial, this court remanded the cause to the motion court for a hearing for the determination of one specific issue. *Spencer v. State*, 776 S.W.2d 428 (Mo.App.1989). After an evidentiary hearing, the motion court determined that issue against the movant and again denied his motion under Rule 27.26. Movant again appeals.

The relevant facts are fully developed in *Spencer v. State*, supra, and will not be restated. For the consideration of this appeal, it is sufficient to observe that during the hearings in which movant was sentenced and the conditions of his probation fixed, on several occasions Judge Heckemeyer referred to the fact that there were "powerful persons and powerful interests" that wanted the movant incarcerated.

In *Spencer*, the pivotal fact was that the powerful persons and interests to which Judge Heckemeyer referred were not identified. This raised the possibility the judge had been influenced by improper persons and interests outside the judicial system. The motion court's denial of relief was affirmed with the exception of a remand for a hearing to answer the following questions.

"Should the motion court, after an evidentiary hearing, find that Judge Heckemeyer's sentencing decisions were not influenced by the powerful people and interests alluded to by him, the motion court shall deny relief. If the motion court finds, after an evidentiary hearing, that the outside forces did affect Judge Heckemeyer's sentencing decisions in appellant's case, the motion court shall enter an order setting aside appellant's sentence—*not* his plea of guilty, just his sentence...." *Spencer* at 437–438. (Emphasis in original.)

Judge Heckemeyer testified at length at the hearing conducted upon remand. He testified the first powerful person he referred to was the prosecuting attorney. "The second entity I referred to was the Probation & Parole Department." Judge Heckemeyer was asked the following questions and gave the following answers:

\* \* \* \* \* \*

"Q Were there any other communications made to you which would have been the powerful people or powerful interests that you had made allusion to?

A No. The two interests I referred to, and they are the most powerful interests, in my opinion, is the prosecutor himself and the Probation Department. I have no other source of information from anybody. Those are the two foundations upon which, basically, a judge's decision to sentence is based, and the statement of the defendant himself.

Q What effect, if any, did those communications from or those feelings that you derived from the Prosecutor's Office

and Probation & Parole Office have on your sentencing decision in this case?

A They didn't have any effect. I went the other way. I put the man on probation, and all of them wanted him in the penitentiary...."

\* \* \* \* \* \*

These questions and answers exemplify the testimony of Judge Heckemeyer. Upon the basis of this evidence, the motion court upon remand denied movant relief.

■ Movant's first point is that the motion court erred in limiting the scope of the hearing upon remand to an examination of Judge Heckemeyer and that such limitation denied movant "an opportunity to call witnesses to prove his claim." Before the hearing on remand commenced, the motion court read a portion of the opinion in *Spencer*, defining the scope of the duty of the motion court. The motion court then stated:

"So you are here on an evidentiary hearing as required by the Court of Appeals. Judge Heckemeyer has been subpoenaed and he is to be questioned as directed by the Court of Appeals; all right?

So everybody understands what we are doing here today and that this is a narrowly restricted hearing, and Ms. Baker, as Troy Spencer's attorney in the original action, is still directed by this Court to represent Troy Spencer and to ask Judge Heckemeyer specifically those questions that were directed by the Court of Appeals to be inquired about."

The scope of the hearing upon remand was defined by the mandate and opinion in *Spencer v. State,* supra. *D.E.J. v. G.H.B.,* 631 S.W.2d 113 (Mo.App.1982). It is not necessary to construe that mandate and opinion to determine if the motion court did unduly restrict the scope of the hearing.

■ As a general rule, a party may not complain of the exclusion of a witness or evidence in the absence of an offer of proof.

"It is clear that if such an order is proper when made, a party cannot complain of the exclusion of evidence made admissible by subsequent evidence un-

less an offer of proof is made at trial." *Simpson v. Smith,* 771 S.W.2d 368, 371 (Mo.App.1989).

"Without an offer of proof we are unable to determine whether the disallowance of the testimony of the three expert witnesses was prejudicial to plaintiffs or not, so any error of the trial court in excluding the testimony is not reviewable....

The rule requiring an offer of proof as a condition to appellate review of the exclusion of evidence is applied both where a witness is disqualified, as in *Benjamin v. Benjamin,* 370 S.W.2d 639, 643 (Mo.App.1963); *Spencer v. Smith,* 128 S.W.2d 315, 318 (Mo.App.1939); *Dempsey v. McGinnis,* 249 S.W. 662, 665 (Mo.App.1923); *Fowler v. Sone,* 226 S.W. 995, 997 (Mo.App.1920); and where particular testimony has been excluded, as in *Dunkin v. Reagon,* 710 S.W.2d 498 (Mo.App.1986); see also *Siebern [v. Missouri–Illinois Tractor & Equip.],* 711 S.W.2d 935 [ (Mo.App.1986) ]; *Salsberry [v. Archibald Plumbing & Heating Co., Inc.],* 587 S.W.2d 907 [ (Mo.App.1979) ]." *Zweifel v. Zenge and Smith,* 778 S.W.2d 372, 375–376 (Mo.App.1989).

Also see *State v. Harris,* 620 S.W.2d 349 (Mo. banc 1981); *Miller v. Miller,* 353 Mo. 884, 184 S.W.2d 1011 (1945). The motion court did not unconditionally bar the presentation of additional evidence. The movant did not offer any witness or additional evidence. He does not suggest what witness he would have or should have called. Movant cannot complain that he was restricted in proof when he tendered no proof. Movant's first point is denied.

■ The movant's second point is that the motion court erred in denying his application for a writ of habeas corpus ad testificandum to allow him to be personally present at the hearing upon remand. He cites the following:

"The prisoner shall be produced at any evidentiary hearing on a motion attacking a sentence where there are substantial issues of fact." Rule 27.26(g).

This Rule is, in its terms, mandatory.

However, the movant had no constitutional right to be present at that hearing.

"Appellant's complaint that he was deprived of his right to be present in person at the hearing of his first motion to vacate (in 1954) must be rejected. He had no absolute right to be present. A proceeding under Rule 27.26 is not a step in appellant's criminal proceedings, *State v. Smith*, Mo.Sup., 324 S.W.2d 707, 712, entitling him as an accused in a criminal prosecution to the 'right to appear and defend, in person * * *' under Constitution of Missouri 1945, Art. 1, § 18(a), V.A.M.S. A proceeding under Rule 27.26 is civil in nature. Whether a court has abused its discretion in proceeding with a civil case in the absence of a party depends upon the circumstances. *Brown v. Stroeter*, Mo.App. 263 S.W.2d 458. No abuse of discretion in the 1954 proceeding has been shown. Appellant had an attorney. Evidence was presented. There is nothing to indicate that appellant had personal knowledge of any of the facts alleged therein or that his personal testimony was necessary to substantiate the motion. The circuit court properly ruled that petitioner-appellant is not entitled to relief." *State v. Hurst*, 347 S.W.2d 177, 178 (Mo.1961).

Also see 18 Am.Jur.2d, Coram Nobis § 37.

■ With that background, it has been indicated the purpose of the cited rule is to ensure the presence of a movant when that presence is necessary for the development of a substantial issue of fact. *State v. Wilson*, 349 S.W.2d 934 (Mo.1961); cf. *Joiner v. State*, 621 S.W.2d 336 (Mo.App. 1981). The record in this case demonstrates the presence of the movant was not necessary for the development of the issue to be determined. That being so, it may be questioned if there was a substantial issue of fact within the intendment of the cited rule.

■ Further consideration of the interpretation of the cited rule is not necessary. At the hearing upon remand the movant was represented by counsel. Even if it is assumed the rule was not followed, that deviation is a basis for reversal only if the movant was prejudiced. "For this reason, we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice." *Heintz v. Woodson*, 758 S.W.2d 452, 454 (Mo. banc 1988). Movant does not demonstrate any prejudice arising from his absence at the hearing upon remand.

■ Since the opinion was filed and mandate issued in *Spencer*, the defendant has attempted in this proceeding to raise additional claims for relief. The status of this proceeding after the opinion was filed and mandate issued is established by principles of long standing.

"The general rule is that the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings. *Feinstein v. McGuire*, 312 S.W.2d 20, 23 (Mo. 1958). Where a remand is with directions, a trial court is bound to render judgment in conformity with the mandate." *Pemberton v. Pemberton*, 779 S.W.2d 8, 10 (Mo.App.1989).

Also see *Gamble v. Hoffman*, 732 S.W.2d 890 (Mo. banc 1987); *Southwestern Bell Telephone Co. v. Buie*, 758 S.W.2d 157 (Mo.App.1988); *Durwood v. Dubinsky*, 361 S.W.2d 779 (Mo.1962); *Brooks v. Kunz*, 637 S.W.2d 135 (Mo.App.1982).

The directions of this court upon remand have been noted. The motion court determined the powerful persons referred to by Judge Heckemeyer were those acting within the judicial system. It determined the influence of the prosecuting attorney and probation and parole officer did not result in the sentence imposed upon movant. Upon the basis of those determinations, which fulfill the directions of the opinion and mandate in *Spencer*, the motion court denied relief. Those determinations and that denial are supported by the evidence. The judgment of the motion court denying movant's motion under Rule 27.26 is affirmed.

PREWITT and CROW, JJ., concur.