STATE of Missouri, Respondent,

v.

Ivory Joe DAVIS, Appellant.

Ivory Joe DAVIS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17669, 19496.

Missouri Court of Appeals,
Southern District,
Division Two.

June 8, 1995.

---

dentiary hearing, the motion court entered an order denying relief. Appellant brings appeal 19496 from that order.

We consolidated the appeals, Rule 29.15($l$), but address them separately in this opinion.

### Appeal 17669

Neither of Appellant's two points relied on assigns error regarding the judgment from which appeal 17669 is taken. Consequently, Appellant has abandoned appeal 17669. *State v. Gongora*, 866 S.W.2d 172, 174[5] (Mo.App.S.D.1993); *State v. Berry*, 798 S.W.2d 491, 493–94[1] (Mo.App.S.D.1990). The judgment referred to in the first paragraph of this opinion is affirmed.

### Appeal 19496

Both of Appellant's points relied on aver the motion court erred in denying postconviction relief in that the lawyer who represented Appellant at trial ("defense counsel") rendered ineffective assistance. These claims require a brief account of the State's evidence at trial.

The robbery occurred December 15, 1989, at Security Locksmith and Service Station in Sikeston. Michael Tinnin, an employee, was on duty that evening.

The chain of events began when Lonnie Ruff, a customer whom Tinnin had seen on 25 to 30 previous occasions, entered the station and asked Tinnin whether he (Ruff) could charge a pack of cigarettes. Ruff departed after four or five minutes.

Another man came into the station. He was alone. Tinnin had never seen him before. The stranger told Tinnin his car broke down and asked to use the telephone. Tinnin conversed briefly with the stranger, who departed after some five minutes.

The stranger returned about 8:30 p.m., and sat on a stool beside the door. Tinnin thought the stranger was "acting real funny." A customer pulled up; Tinnin and the stranger went outside.

Jacqueline K. McGreevy, Parkville, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found Appellant, Ivory Joe Davis, guilty of robbery in the first degree, § 569.020,[1] and armed criminal action, § 571.015, and assessed punishment at imprisonment for fifteen years and ten years, respectively. The trial court imposed those sentences, running them consecutively. Appellant brings appeal 17669 from that judgment.

While that appeal was pending, Appellant filed a motion to vacate the judgment and sentences per Rule 29.15.[2] Following an evi-

---

1. References to statutes are to RSMo 1986.

2. Rule references are to Missouri Rules of Criminal Procedure (1991).

Tinnin saw the stranger again about 8:55 p.m. Tinnin was "bent over" at the gas pumps writing down a number. The stranger was standing beside Tinnin. Simultaneously, Tinnin saw Ruff enter the station.

The stranger said, "I have a gun." The stranger "pulled out" a pistol, grabbed one of Tinnin's arms, and took Tinnin into the station.

Holding the pistol against Tinnin, the stranger told Tinnin to open the register. Tinnin complied. The stranger and Ruff took between $150 and $160.

Ruff told the stranger, "Come on." The stranger pulled Tinnin outside and demanded his wallet. The stranger and Ruff then departed.

Tinnin ran inside the station, locked the door, and called police.

Tinnin looked at "two books of pictures" at the Sikeston Department of Public Safety that night, but was unable to identify a suspect.

The next morning, Ruff learned police were looking for him. He turned himself in.

That night (December 16), Appellant was arrested in Sikeston. He was fingerprinted and photographed.

Detective William E. Stokes, Jr. of the Sikeston Department of Public Safety showed Tinnin a "photo lineup" consisting of Appellant's photograph and four other photographs. Tinnin identified Appellant's photograph as a photograph of the stranger who, jointly with Ruff, committed the robbery.

Tinnin identified Appellant in person at the preliminary hearing. Appellant was the only person there in an orange jail uniform.

On the morning of trial, before voir dire, defense counsel filed a "Motion to Suppress Identification," praying the trial court to suppress any evidence that Tinnin had previously identified Appellant, either by photograph or in person, and to suppress "any future in-court identification" of Appellant by Tinnin. The motion averred the five-photograph display from which Tinnin identified Appellant was "so unduly suggestive as to give rise to a substantial likelihood of irreparable misidentification." The motion also complained that

when Tinnin identified Appellant at the preliminary hearing, Appellant was the only person in the courtroom in a jail uniform.

The trial court asked defense counsel whether he wanted to present evidence. Defense counsel told the trial court that the State "has a copy of the five photographs." The prosecutor told the trial court that the police officers would have the photographs when the officers arrived.

The trial court announced:

"Counsel, since this motion really doesn't address me at this time, I will take it under advisement, and I presume—will he be identifying in the courtroom? It becomes a moot question, so I will take it under advisement for you."

During presentation of the State's evidence, without further mention of the motion by the trial court and without objection by defense counsel, Tinnin, in the jury's presence, identified Appellant as the stranger who, jointly with Ruff, committed the robbery.

Ruff, testifying as a State's witness pursuant to a plea agreement, identified Appellant as the man with whom he (Ruff) committed the robbery.

The averment of ineffective assistance of counsel in Appellant's first point is that defense counsel was derelict in "failing to request a continuance in order to better prepare for trial and enable him to interview witnesses; depose witnesses; investigate the case; prepare, file and request hearings on motions; and present evidence in support of said motions." We glean from the argument following the point that Appellant's specific complaints are that defense counsel failed to present Karen Sue Dockins as a witness, failed to present Roger Crites as a witness, and failed to challenge the legality of Appellant's arrest.

The motion court's findings do not address those complaints individually. The only findings arguably pertinent to them are:

"The court further finds that petitioner was not prejudiced in his defense and did not receive ineffective assistance of counsel

because his attorney visited with petitioner a few days before the actual trial.

The court further finds that petitioner's trial counsel's decision not to present certain items of evidence ... did not prejudice petitioner and did not affect the outcome of the trial.... The court finds that petitioner did not receive ineffective assistance of counsel."

■ Our review of the motion court's findings and conclusions is limited to a determination of whether they are clearly erroneous. Rule 29.15(j); *State v. Starks*, 856 S.W.2d 334, 336[1] (Mo. banc 1993). We brand them clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *State v. Vinson*, 800 S.W.2d 444, 448[8] (Mo. banc 1990).

■ There is no precise formula for findings and conclusions of a motion court in a postconviction proceeding; they are sufficient if they permit review of the judgment. *Robertson v. State*, 851 S.W.2d 74, 76[1] (Mo. App.S.D.1993). All that is required is that the findings be sufficient for an appellate court to determine whether they are clearly erroneous. *Morgan v. State*, 852 S.W.2d 374, 375[4] (Mo.App.S.D.1993).

We begin with the complaint that defense counsel failed to request a continuance.

After sentencing, the trial court conducted the inquiry required by Rule 29.07(b)(4). Appellant told the trial court that defense counsel, an assistant public defender, took over Appellant's case three days before trial, replacing counsel who had represented Appellant during the preceding ten months. Appellant complained in general terms that defense counsel was unprepared, but did not specify what preparation was lacking, did not name any witness who should have been subpoenaed, and did not identify any evidence that should have been presented.

At the evidentiary hearing in the motion court, Appellant again complained that defense counsel was unfamiliar with Appellant's case.

The trial transcript refutes that complaint. Defense counsel presented five defense witnesses. By their testimony, defense counsel endeavored to show that the automobile in which Appellant was riding when arrested was a different color than the one about which police had been informed, that before the preliminary hearing Tinnin told Appellant's father he (Tinnin) did not know Appellant, that Tinnin did not remember a confrontation with defense counsel three days before trial, that Ruff initially rejected a less favorable plea agreement in return for his testimony against Appellant, and that one Marvin Bernard Thomas was arrested December 15, 1989, in Sikeston as a robbery suspect but was never charged.

Additionally, defense counsel conducted a thorough cross-examination of three of the four State's witnesses. The only State's witness defense counsel did not cross-examine was Ruff's brother, Bennie Douglas. His testimony was brief, and Appellant does not state how cross-examination would have aided Appellant.

■ To prevail on his claim of ineffective assistance of counsel, Appellant had to show not only that defense counsel failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, but also that Appellant was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). It was Appellant's burden to prove his grounds for relief by a preponderance of the evidence. Rule 29.15(h); *State v. Stepter*, 794 S.W.2d 649, 657 (Mo. banc 1990).

■ Appellant's brief cites no evidence in the motion court that would support a finding that a continuance would have benefited Appellant. As reported earlier, the argument following Appellant's first point identifies only two individuals whose testimony would have allegedly helped Appellant. Appellant presented no proof in the motion court that a continuance would have been needed to ensure their attendance at trial. Furthermore, as explained *infra*, there was no proof in the motion court that testimony by either individual would have aided Appellant.

We hold there was no evidence to support a finding that Appellant was prejudiced by defense counsel's failure to request a continuance. Consequently, the motion court was not required to make specific findings of fact and conclusions of law on that issue. *State v. Williams*, 861 S.W.2d 670, 679[15] (Mo.App. E.D.1993); *Burton v. State*, 817 S.W.2d 928, 930[7] (Mo.App.E.D.1991). The motion court's findings, though nonspecific, are sufficient to enable us to determine that the motion court did not clearly err in denying relief on Appellant's claim that defense counsel rendered ineffective assistance in failing to request a continuance.

We next address Appellant's complaint about defense counsel's failure to present Karen Sue Dockins as a witness. Appellant's brief asserts Ms. Dockins could have provided testimony to support his claim that Tinnin's pretrial identification of Appellant was unreliable.

■ Ms. Dockins appeared and testified at the evidentiary hearing in the motion court. She is a communications supervisor for the Sikeston Department of Public Safety.

In his brief, Appellant cites only one page of Ms. Dockins' testimony in support of his contention that she could have buttressed his claim that Tinnin's pretrial identification of Appellant was unreliable. That is page 63 of the transcript. There, Ms. Dockins testified that when Tinnin phoned to report the robbery, he was "very frantic ... very excited."

Appellant does not enlighten us as to how that testimony demonstrates Tinnin's pretrial identification of Appellant was unreliable. Tinnin testified at trial that he was afraid for his life during the robbery, was still scared at time of trial, and sees Appellant's face in nightmares. Presenting Ms. Dockins' testimony at trial would have merely confirmed Tinnin's terror.

Appellant's complaint about defense counsel's failure to present Roger Crites as a witness is based on Appellant's testimony in the motion court that Crites was a police officer who, along with Officer Percy Owens of the Charleston Police Department, photographed Appellant after the robbery. Appel-

lant testified this was the only photograph taken of him, and it was taken two days after Tinnin supposedly identified Appellant's photograph in the five-photograph display.

Owens appeared and testified at the evidentiary hearing in the motion court. Owens avowed the Charleston Police Department has no records or photograph of Appellant, and he (Owens) had no knowledge of any photograph of Appellant taken by Crites.

Appellant was unable to produce Crites as a witness in the motion court.[3] At the conclusion of the hearing, the motion court agreed to "hold the record open" to allow Appellant an opportunity to produce Crites. Some eight months later, Appellant's lawyer in the motion court informed the court that Appellant had submitted all the evidence he wanted the motion court to consider.

■ The motion court was not required to believe Appellant's testimony about when his photograph was taken and who took it. *Moore v. State*, 853 S.W.2d 378, 380[5] (Mo. App.S.D.1993); *State v. Clements*, 849 S.W.2d 640, 646–47[18] (Mo.App.S.D.1993).

As we have seen, the motion court found defense counsel's decision not to present certain evidence did not prejudice Appellant or affect the outcome of the trial. We infer from that finding that the motion court disbelieved Appellant's testimony about the photograph.

We hold that insofar as the failure to present Ms. Dockins and Officer Crites as witnesses is concerned, the motion court's finding that Appellant was not prejudiced by defense counsel's failure to present evidence is not clearly erroneous.

■ The final complaint of ineffective assistance in Appellant's first point, as we divine it, is that defense counsel failed to challenge the legality of Appellant's arrest. We have scrutinized the argument following the point and have found no explanation as to why the arrest was illegal or, even if it was, how that would have resulted in Appellant's exoneration of the two crimes.

3. Evidently, Crites no longer resided in Charleston at the time of the evidentiary hearing.

It is Appellant's burden on appeal to show the motion court's findings are clearly erroneous. *Greathouse v. State*, 859 S.W.2d 247, 248–49[4] (Mo.App.W.D.1993); *Lestourgeon v. State*, 837 S.W.2d 588, 590 (Mo.App. W.D.1992). We hold Appellant has failed to demonstrate error in the motion court's rejection of his demand for postconviction relief on the ground that defense counsel was ineffective in failing to challenge the legality of the arrest. Appellant's first point is denied.

The averment of ineffective assistance of counsel in Appellant's second point is that defense counsel was remiss in "failing to obtain a ruling by the trial court on [the] motion to suppress pretrial identification; failing to object to the in court identification at the time it was made, and failing to present evidence supporting said motion."

That complaint of ineffective assistance was squarely presented to the motion court by Appellant's first amended motion for postconviction relief.

The only findings by the motion court relative to that ground for relief are:

"The court finds that petitioner's trial counsel did not render ineffective assistance of counsel when he filed the motion to suppress identification evidence and finds that this action neither prejudiced petitioner nor denied him his rights guaranteed under the Missouri Constitution and the Constitution of the United States. The court further finds that the trial court's ruling on the motion to suppress did not prejudice petitioner."

The second sentence of the findings refers to "the trial court's ruling on the motion to suppress." As reported earlier, the trial court took the motion "under advisement," but never ruled on it. Consequently, the second sentence of the motion court's findings refers to a nonexistent ruling.

The first sentence of the findings declares defense counsel did not render ineffective assistance when he filed the motion to suppress identification evidence. That finding does not address the complaint that defense counsel failed to present evidence to the trial court in support of the motion, failed to obtain a ruling by the trial court on the motion, and failed to object when Tinnin identified Appellant in the jury's presence.

The State argues that the motion to suppress would have been unsuccessful in the trial court had defense counsel pursued it, hence defense counsel's failure to "follow through" on the motion did not prejudice Appellant. According to the State, the evidence in the motion court did not establish that the five-photograph display was impermissibly suggestive.

The issues to be resolved in determining whether the motion to suppress would have been successful in the trial court were: (1) whether the pretrial identification procedures were impermissibly suggestive, and (2) if so, whether that made Tinnin's identification of Appellant unreliable. *Vinson*, 800 S.W.2d at 446. *See also: State v. Hornbuckle*, 769 S.W.2d 89, 92–95 (Mo. banc 1989), *cert. denied*, 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). If the motion to suppress would have been successful had defense counsel pursued it, further issues arise. The first is whether defense counsel, in neglecting to pursue the motion, failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances. If the answer is yes, the final question is whether defense counsel's neglect prejudiced Appellant.

Rule 29.15(i) requires a motion court to issue findings of fact and conclusions of law on all issues presented. Consequently, the motion court should have resolved at least the first issue in the preceding paragraph. Had the motion court resolved it in favor of Appellant, the motion court should then have resolved the second issue, and so on until all issues necessary to adjudicate the complaint of ineffective assistance regarding the motion to suppress had been resolved. Because the motion court failed to do so, we have nothing to review.

The motion court's order denying postconviction relief is affirmed except as to the complaint of ineffective assistance of counsel regarding the motion to suppress Tinnin's identification of Appellant. The order of the motion court is reversed as to that ground

for relief—but no other—and the cause is remanded to the motion court for findings of fact and conclusions of law adjudicating that ground.

If the motion court rules adversely to Appellant on that ground, Appellant may appeal anew, but only as to the findings of fact and conclusions of law on that ground. *Spencer v. State,* 795 S.W.2d 636, 639[6] (Mo.App.S.D. 1990).

PREWITT and PARRISH, JJ., concur.